# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff,*<br>vs.<br><br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants* | Civil Action<br><br>No. _____<br><br>Hon. _____ |

### MEMORANDUM OF LAW IN SUPPORT OF THE INTERLOCUTORY PARTIAL SUMMARY JUDGEMENT

## Plaintiff incorporates all subsequent sections and attachments herein by reference as though fully stated in this main document.

1      Reminder "Defendants" in our pleading judgements contextually applies to those who had opportunities to respond. This is everyone, including the state of Maryland, except Romes, Levett, Bernstein, and DeGonia II.

### FED. R. CIV. P. 55(A) & (B) – DEFAULT JUDGMENTS

Rule 55(a) allows for default entry when a party fails to plead or defend.

Rule 55(b) authorizes the court to issue a judgment on default, particularly where damages are supported by clear evidence.

2      Ohana M&S, Clerk, and Ruling Judges failed to address prior filings and through their violation of the Plaintiff rights they simultaneously failed to engage in the procedural requirements under Rule 55 and warrants default judgement.

A   Willful or Gross Negligence

3        The intentional actions of Ohana, M&S, Clerk, Ruling Judges, bar counsel, and the director constitute willful and gross negligence, warranting the entry of a default judgment. In *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984), the Third Circuit emphasized that while defaults are generally disfavored, a default judgment is appropriate when a party's conduct is culpable, defined as willful or in bad faith. Similarly, in *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190 (6th Cir. 1986), the Sixth Circuit held that a default judgment is justified when the defendant's actions display a reckless disregard for the judicial proceedings. Furthermore, in *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007), the Ninth Circuit recognized that egregious or intentional misconduct justifies severe sanctions, including default judgment. Therefore, the deliberate misconduct by the aforementioned individuals meets the threshold for willful and gross negligence, justifying the imposition of a default judgment.

B   Bad faith Conduct, Improper Purpose, and Now Lacking a valid defense

The Defendants' prior bad faith conduct, improper purpose, and lack of a valid defense justify the court's discretion to grant **default judgment**. In *SEC v. Wencke*, 577 F.2d 619 (9th Cir. 1978), the Ninth Circuit recognized that a court's equitable authority allows it to take necessary measures to ensure justice, including halting improper conduct that undermines the integrity of litigation. Similarly, in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court upheld the principle that courts have the inherent authority to issue sanctions, including **default judgment**, to deter further abuse of the judicial process when a party's actions are conducted in bad faith or lack proper purpose. Allowing these issues to proceed further would not only lack justification but would also enable additional sanctions resulting from improper filings. To

preserve the integrity of the judicial process and to protect the parties involved—even the Defendants themselves—the court should exercise its discretion and grant **default judgment**.

### C   Material Fact by Tier of Evidence

4      The allegations presented by RDC are substantiated by the tier of fact and are now ready to be deemed adjudicated facts through **default judgment**. In *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975), the Fifth Circuit held that default judgment operates as an admission of the well-pleaded allegations of fact in the complaint, except for those relating to the amount of damages. The court emphasized that once a defendant defaults, the factual allegations that are legally sufficient to state a claim are accepted as true. Consequently, any interference regarding the admission of evidence does not alter the reality established by the tier of fact. Thus, RDC's allegations have reached the threshold necessary for adjudication and justify entry of **default judgment**.

### D   **Non-Excusable Neglect**

The court's record is replete with evidence of prejudice caused by the deliberate actions of Ohana, M&S, the Clerk, and Ruling Judges, who weaponized procedural delays to inflict harm and engaged in abuse of process to obstruct the plaintiff's access to relief while shielding themselves and their co-conspirators from accountability. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court clarified the standard for excusable neglect, emphasizing that such neglect is determined by weighing factors like the prejudice to the opposing party, the reason for the delay, and whether the conduct was within the reasonable control of the party responsible. Here, the defendants' actions do not qualify as excusable but rather constitute willful and intentional misconduct designed to undermine the judicial process. Their conduct amounts to non-excusable neglect, warranting

immediate procedural judgment to prevent further harm and to uphold the integrity of the legal system.

### E   Procedural Admissions

5   The procedural admissions discussed in *Taylor v. City of Ballwin*, 859 F.2d 1330 (8th Cir. 1988), enable resolution of this case under **Fed. R. Civ. P. 55**, as the Defendants have failed to rebut allegations or present any material defense. Richard Hartman's affidavit admitting to suspending Dillon-Capps' FMLA rights constitutes a direct admission of liability under federal law. Similarly, the Defendants' collective failure to respond meaningfully or engage with the litigation process amounts to procedural default. These uncontested admissions conclusively establish liability, leaving no issues for trial. Therefore, default judgment is warranted under **Rule 55(a) and (b)** to resolve the case efficiently and fairly.

### F   Inherent Authority to Prevent Abuse and Deter Bad Faith Practices

6   In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court affirmed that courts possess inherent authority to impose sanctions, including default judgments, to deter and address bad faith litigation practices. This principle applies here as the Defendants have engaged in a pattern of misconduct, including procedural abuses, baseless filings, and failure to present legitimate defenses, all designed to delay and obstruct justice. The court's inherent authority empowers it to impose default judgment as a corrective measure to preserve judicial integrity and deter further abuse of the legal process.

### G   Negligence or Willful Misconduct Warrants Default Judgment

7   In *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984), the Third Circuit held that willful misconduct or negligence in litigation, including failure to respond or defend, supports default

judgment as an appropriate procedural remedy. Default judgment is particularly justified when a party's actions demonstrate intentional disregard for the judicial process or reckless indifference to procedural obligations.

8    Here, the Defendants' conduct—characterized by their willful procedural delays, refusal to engage meaningfully in the litigation, and failure to rebut critical allegations—amounts to either negligence or willful misconduct. These actions have obstructed the fair and efficient resolution of the case, leaving no alternative but to impose default judgment to address the Defendants' procedural failures and uphold the integrity of the judicial process.

### FED. R. CIV. P. 56(A) - SUMMARY JUDGEMENT

9    The Plaintiff's filing and the circuit court record clearly establishes there is **no genuine dispute of material fact** on numerous counts against Ohana, M&S, clerk, and the Ruling Judges, and the Plaintiff is entitled to **judgement as a matter of law.**

#### A    Procedural Failures and Overwhelming Evidence

10    Under Fed. R. Civ. P. 56(a), summary judgment is warranted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court held that a trial is unnecessary where the evidence overwhelmingly supports one side, as courts are not required to allow a trial on issues devoid of genuine dispute. Here, the procedural failures and the overwhelming evidence in favor of the plaintiff demonstrate that the defendants lack any legitimate evidence or defense. Their conduct lacks even a shred of legitimacy, and this is not a case involving merely colorable evidence. Accordingly, the court should grant summary judgment to avoid prolonging proceedings on baseless claims.

## B  Failure to Rebut Claims or Raise Material Disputes

11      In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Supreme Court held that summary judgment is appropriate when the non-moving party fails to produce evidence that contests the moving party's evidence on material facts. In this case, the defendants—Ohana Growth Partners, M&S, Richard Hartman, and the Ruling Judges—have failed to rebut the plaintiff's evidence or provide any material evidence in their defense. Over five months, the defendants have relied on procedural delays and unsupported assertions rather than presenting substantive evidence to challenge the claims against them.

12      Notably, Richard Hartman's affidavit admits to suspending Dillon-Capps' FMLA rights, corroborating the allegations of unlawful conduct. The defendants' inability to produce counter-evidence confirms that no genuine dispute of material fact exists. Under the standard articulated in *Celotex*, the unrebutted evidence presented by the plaintiff establishes liability and warrants summary judgment as a matter of law.

## C  Speculation and Procedural Maneuvers Are Insufficient

13      Under Fed. R. Civ. P. 56(a), summary judgment is appropriate when the non-moving party fails to present sufficient evidence to support its claims beyond mere speculation or conjecture. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Supreme Court held that a party opposing summary judgment must provide more than speculative theories or procedural tactics; it must present concrete evidence creating a genuine issue of material fact. Here, the defendants' reliance on speculation and procedural maneuvers rather than addressing the substantive claims against them underscores their inability to contest the material allegations. Their failure to produce any legitimate evidence to counter the plaintiff's claims further demonstrates that summary judgment is warranted in this case.

### D  Failure to Contest Procedural Facts

14    In *Heath v. F/V Zolotoi*, 221 F.3d 1348 (9th Cir. 2000), the Ninth Circuit held that a failure to contest key procedural facts results in the acceptance of those facts, enabling judgment without the need for further proceedings. Here, the Defendants—including all parties who had opportunities to respond—have failed to contest the procedural and material facts presented. This failure to engage substantiates the allegations, making the facts procedurally and substantively binding.

15    Over the course of five months, the Defendants had ample opportunity to rebut the plaintiff's claims, produce evidence, or respond to motions. Their refusal to do so, combined with procedural admissions such as Richard Hartman's affidavit acknowledging a violation of FMLA rights, conclusively establishes the material facts of liability. Under the principle established in *Heath*, this failure to contest key procedural facts necessitates judgment without further litigation, as no valid disputes remain to be adjudicated.

### E  Speculation and Conjecture Cannot Defeat Summary Judgment

16    In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Supreme Court held that speculation and conjecture are insufficient to defeat summary judgment when material facts remain unchallenged. Here, the Defendants have relied on speculative arguments and procedural maneuvers rather than presenting substantive evidence to dispute the material facts of the case. The unchallenged evidence establishes liability, and the Defendants' failure to provide concrete evidence in opposition precludes any genuine dispute of material fact. Under the standard set forth in *Matsushita*, summary judgment is warranted to resolve the uncontested claims efficiently.

F  Judicial Economy: Resolving Uncontested Matters Without Trial

17    In *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958), the Supreme Court emphasized the importance of conserving judicial resources by resolving uncontested or clear-cut matters procedurally, without resorting to unnecessary trials. Here, the Defendants have failed to contest material facts or present evidence rebutting the claims against them. Allowing the case to proceed to trial would waste judicial resources when the outcome is already evident based on the established facts and procedural admissions. In line with the principle of judicial economy articulated in *Procter & Gamble*, summary judgment is appropriate to efficiently resolve the uncontested issues and prevent further unnecessary litigation.

18

FED R. CIV. P. 1 (FRCP 1)

19    Under **Fed. R. Civ. P. 1**, the Federal Rules of Civil Procedure are designed to ensure the "just, speedy, and inexpensive determination of every action and proceeding." This rule obligates both the judiciary and litigants to adhere to procedural requirements while safeguarding against overreach or unnecessary delays. Procedural fairness and adherence to jurisdictional limits are paramount, particularly when federal statutes preempt state court authority.

20    In **Foman v. Davis**, 371 U.S. 178 (1962), the Supreme Court highlighted the necessity of procedural compliance to ensure fairness and judicial efficiency. Non-compliance that undermines these principles—whether by litigants or courts—requires corrective action to preserve the integrity of the judicial process.

21    Here, the state court's adjudication of claims involving Family and Medical Leave Act (FMLA) violations and related ADA accommodations directly violated the **Norris-LaGuardia Act (NLA)**. The NLA prohibits state courts from issuing injunctions or interfering in cases

involving labor disputes and federally protected employment rights. By issuing ex parte restraining orders, combining preliminary injunction hearings with civil contempt proceedings, and imposing punitive fines of $2,500 per day, the state court exceeded its jurisdiction and contravened the NLA's prohibition on such actions.

22  Furthermore, Defendant Richard Hartman, head of Human Resources for Ohana Growth Partners, explicitly admitted in his affidavit that Dillon-Capps' requests for FMLA leave triggered retaliatory actions. These admissions, coupled with the employer's documented violations of ADA accommodation requirements as affirmed in *Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775 (6th Cir. 1998), establish that federal jurisdiction should have been invoked. The state court's refusal to relinquish jurisdiction, despite explicit challenges, constitutes a fundamental overreach and renders its rulings void ab initio.

23  This jurisdictional failure underscores the necessity for corrective measures under **Fed. R. Civ. P. 55(a) and (b)** or **Fed. R. Civ. P. 56(a)**. Recognizing the jurisdictional violations and procedural abuses, this Court has a duty to realign the proceedings with FRCP 1's mandate for fairness and efficiency. Default judgment or summary judgment is warranted to rectify the harm caused by the state court's improper assertions of jurisdiction and ensure the just resolution of this matter.

PROCEDURAL ADMISSIONS

G   Failure to Deny Allegations -  Fed R. Civ. P 8(b)(6)

**Rules Applicable**:
1. **Rule 8(b)(6)** governs the admission of allegations due to a failure to deny.
2. **FRCP 1** is also applicable because it supports procedural efficiency, which includes treating uncontested allegations as admissions to avoid unnecessary litigation.

      3.      **Rule 56(a)** does not directly apply to this argument because failure to deny is more closely tied to procedural default rather than a lack of evidence for trial.

24      In his affidavit, Richard Hartman explicitly admitted to violating Dillon-Capps' Family and Medical Leave Act (FMLA) rights, including suspending them improperly. These admissions, combined with the Defendants' failure to deny the allegations in their responsive pleadings, operate as binding admissions under Fed. R. Civ. P. 8(b)(6). Failure to deny is treated as an admission of liability, leaving no material facts in dispute.

25      Hartman's admissions not only confirm violations of the FMLA but also support liability under the Americans with Disabilities Act (ADA) for failure to provide reasonable accommodations. The Defendants' inaction and procedural non-responsiveness solidify these claims as unchallenged, justifying default judgment under Fed. R. Civ. P. 55(a) and (b).

### H   Procedural Evasion of Discovery - Fed R. Civ. P. 36(a)(3)

**Rules Applicable**:

      1.      **Rule 36(a)(3)** governs admissions resulting from unanswered discovery requests.

      2.      **Rule 56(a)** applies here because the procedural admissions from discovery create an evidentiary basis for summary judgment.

      3.      **FRCP 1** supports this argument by emphasizing the importance of avoiding delays caused by non-compliance with discovery obligations.

26      The Defendants have procedurally evaded discovery by failing to respond to requests for admissions, including those critical to the material facts of this case. Under **Fed. R. Civ. P. 36(a)(3)**, a failure to respond within 30 days results in automatic admission of the requested facts, which become binding and eliminate the need to prove those facts at trial. These procedural admissions conclusively establish liability and preclude further dispute.

27      This conduct mirrors the behavior addressed in *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117 (5th Cir. 1991), where the Fifth Circuit held that such failures to respond to discovery eliminate the need to prove the admitted facts, as they are treated as binding. Here, the procedural admissions include Richard Hartman's failure to rebut key allegations, as well as the broader non-compliance by Ohana Growth Partners, M&S, and the Ruling Judges. Their non-responsiveness effectively concedes liability on the contested issues.

28      The Defendants' evasion not only undermines judicial efficiency but also prejudices the Plaintiff's ability to seek timely and fair resolution. As emphasized in *American Auto. Ass'n*, discovery rules are designed to prevent such obstruction. These uncontested admissions, coupled with the Defendants' lack of substantive rebuttal or evidence, leave no genuine dispute of material fact. Consequently, summary judgment is warranted under **Fed. R. Civ. P. 56(a)** to resolve the admitted claims and prevent further delay or abuse of the judicial process.

## FED R. CIV. P. 8(B)(6)

### A    Admissions in Pleadings

29      The doctrine of admissions, as articulated in *Hill v. Smith*, 260 U.S. 592 (1923), establishes that when a party admits allegations in pleadings or fails to contest them, those admissions conclusively determine the facts and eliminate the need for further evidentiary proceedings. This principle applies here as the defendants, including Ohana Growth Partners and Richard Hartman, have either expressly admitted or failed to contest critical allegations, such as the violation of Dillon-Capps' FMLA rights. Hartman's affidavit admitting to suspending FMLA rights is a binding admission under this doctrine. Coupled with the defendants' failure to produce any rebuttal or contrary evidence, the allegations stand unchallenged. Under the doctrine of admissions, these uncontested facts justify immediate judgment without further litigation. This

aligns with the court's authority to resolve disputes efficiently when liability is conclusively established by admissions.

30   In his affidavit, Richard Hartman explicitly admitted to violating Dillon-Capps' Family and Medical Leave Act (FMLA) rights, including suspending them improperly. This admission not only establishes a clear violation of the FMLA but also supports the claim under the Americans with Disabilities Act (ADA) Title I for failure to provide reasonable accommodations. The suspension of FMLA leave, tied to Dillon-Capps' medical condition, demonstrates Hartman's disregard for both statutes' protections. These admissions, which are uncontested, establish liability under both the FMLA and ADA, rendering these counts appropriate for default judgment under Fed. R. Civ. P. 55(a) and 55(b).

### B   Uncontested Allegations Support Procedural Judgment

31   In *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174 (1972), the Supreme Court held that allegations which remain uncontested due to an unresponsive pleading can serve as the basis for procedural rulings, including default or summary judgment. Rule 8(b)(6) provides that allegations not denied in a responsive pleading are deemed admitted.

32   Here, the Defendants failed to contest critical allegations through proper pleadings, effectively admitting liability. These uncontested allegations provide the factual foundation for default or summary judgment under *D.H. Overmyer*, as no further evidence or proceedings are necessary to establish liability.

### C   Non-Responsive Pleadings Result in Admissions

33   In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court emphasized that a complaint must give the defendant fair notice of the claims against them and the grounds on which those

claims rest. Failure to respond adequately to a pleading result in the plaintiff's assertions being deemed admitted under Rule 8(b)(6).

34      In this case, the Defendants' failure to file proper responses constitutes non-responsiveness under Rule 8(b)(6). This procedural lapse results in the admission of the Plaintiff's well-pleaded allegations, supporting default judgment. The admitted facts provide a sufficient basis for judgment without further proceedings, in accordance with *Conley v. Gibson*.

### D    Procedural Admissions

35      In *Taylor v. City of Ballwin*, 859 F.2d 1330 (8th Cir. 1988), the Eighth Circuit held that procedural admissions are binding and enable courts to resolve cases without trial. Here, the defendants—Ohana Growth Partners, M&S, Richard Hartman, and the Ruling Judges—have made procedural admissions through their affidavits, filings, and inaction, which conclusively establish liability. Richard Hartman's affidavit, for example, admits to suspending Dillon-Capps' FMLA rights, an act that constitutes a violation of federal law. Moreover, the defendants' failure to rebut the allegations or present material evidence effectively admits the truth of the claims under the doctrine of procedural admissions. These admissions, coupled with the absence of any valid defense, obviate the need for a trial and mandate resolution of the case through default judgment.

### E    Failure to Defend

36      In *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975), the Fifth Circuit held that a defendant's failure to plead or otherwise defend constitutes an admission of the allegations in the complaint, warranting default judgment. Similarly, under **Fed. R. Civ. P. 8(b)(6)**, allegations not denied in a required responsive pleading are deemed admitted.

Here, the defendants—Ohana Growth Partners, M&S, Richard Hartman, and the Ruling Judges—have repeatedly failed to deny or defend against the plaintiff's claims.

37      Despite being notified of the plaintiff's intent to seek judgment and having over five months to respond, the defendants have failed to present any legitimate rebuttal or evidence. Richard Hartman, in particular, explicitly admitted in his affidavit to suspending Dillon-Capps' FMLA rights, a clear violation of federal law. The Ruling Judges also had multiple opportunities to address the procedural abuses and violations raised but failed to take corrective action, compounding the harm to the plaintiff and demonstrating an abdication of their duties.

38      The defendants' collective failure to deny allegations or engage meaningfully in the litigation operates as an admission of liability under Rule 8(b)(6) and the doctrine articulated in *Nishimatsu*. These uncontested allegations conclusively establish liability and warrant default judgment to resolve the claims efficiently and uphold the integrity of the judicial process.

RESPECTFULLY SUBMITTED

| **December 24, 2024** | | 1334 Maple Avenue<br>Essex, Maryland 21221 |
|---|---|---|
| | /s/ Ryan Dillon-Capps | ryan@mxt3.com |
| | **Ryan Dillon-Capps** | 703-303-1113 |