IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS <br><br> *Plaintiff,* <br> vs. <br><br> OHANA GROWTH PARTNERS, LLC *et al* <br><br> *Defendants* | Civil Action <br><br> No. **24-CV-3744** <br><br><br> Hon. **Judge Hurson** |

## MOTION TO EXPEDITE RULING ON MOTION TO RECONSIDER PARTIAL DISMISSED CLAIMS ON 2025 JANUARY 8TH

1      Plaintiff, Ryan Dillon-Capps, respectfully moves this Honorable Court to expedite its ruling on the pending Motion to Reconsider Partial Dismissed Claims on 2025 January 8th and in support states as follows:

  1. **Pending Motion:** On January 9th, Plaintiff filed a motion for reconsideration pursuant to Rule 59(e), and it was added to the docket on January 13th with a memorandum of law and affidavit in support of the motion that is seeking to address a misunderstanding in facts, circumstances, and application of law and precedent. Specifically, and Respectfully, Your Honor incorrectly assumed that

     1.1     I had lost the state case;

     1.2     Adjudication and final judgement had been rendered by the state court on any claim;

     1.3     That the State of Maryland had not voluntarily waived immunity;

     1.4     That the State Judiciary had not ruled with complete absence of jurisdiction;

    1.5    The federal courts lack authority and are absent a duty to intervene to safeguard the rights and protections under federal law in the state courts.

As a result of these assumptions, Your Honor, dismissed defendants and counts to which I hold a valid claim to which relief can be granted by this court, denied a hearing to which highly sensitive information and evidence will be provided to this Honorable Court, delayed intervention to safeguard federal rights and protections, and delayed relief to which I am entitled.

**2.**    **Urgency:** Immediate resolution of the pending motion is necessary because:

    2.1    The rights and protections afforded by federal law and the constitution will continue to be violated as part of daily operations of these state actors and others who are engaging in the same and similar conduct until the federal court intervenes.

    2.2    I urgently need substantial relief, to which I am entitled as a matter of fact and law, to avoid further severe and irreparable harm from ongoing the financial default that the defendants have intentionally and maliciously imposed upon me, and for medical intervention to address the life-threatening physical harm, constituting a medical emergency, that the defendants have intentionally and maliciously inflicted upon me.

    2.3    Since filing the case in federal court modifications to the court record have resumed in the state case which may be a direct reflection of them being alerted to the federal case filing and are now attempting to take action to make their criminal actions to alter court records harder to detect.

**3.     Prejudice without Expedited Relief:** To be clear, there is no prejudice to the defendants for this Honorable Court allowing a legally valid claim to move forward against them, nor is there a prejudice against them for being deprived of the opportunity to being provided highly sensitive information that they could use to perpetuate additional crimes related to the alteration of court records that are depriving people of their federal and constitutional rights and protections – such as those of due process and being afforded a fair, equitable, and unbiased legal process like they did with me for months.

Them failing to permanently deprive me of my opportunity to seek relief is not a material fact that sufficiently provides a defense against the material fact that they violated and hindered me in exercising my rights and protections for several months. Moreover, the severity and irreparable nature of the harm that now necessitates expedited relief would not have occurred if not for consecutive and compounding harm which is inclusive of my federal and constitutional rights being violated.

The Affidavit of Caroline Dillon-Capps and my own affidavit that was filed with the original pleading provides expert testimony and evidence supporting the severity and irreparable nature of the harm that we are enduring right now.

This is not a balance of equities and harm that requires hesitation or delayed scrutiny because on the one hand you have on-going harm of the highest order and these are not pseudo claims, inference, and parallelism. These are expert and evidence-supported facts of actions leading to direct harm with defined who, when, where, how, and what. The only people at risk of prejudice are against the Defendants victims, of which I am one of them.

4. **Legal Authority**: Under **28 U.S.C. § 1657(a)**, federal courts are required to expedite proceedings when "good cause" is shown. Good cause exists when constitutional or statutory rights are at risk and immediate judicial intervention is warranted. In this case:

> 4.1 **Constitutional and Federal Violations:** Plaintiff asserts ongoing violations of due process and constitutional protections, necessitating urgent intervention to prevent further irreparable harm.
>
> 4.2 **Urgency of Harm:** Plaintiff's allegations include severe financial harm, medical emergencies, and ongoing misconduct by state actors altering court records—actions with immediate and potentially irreparable consequences.

This Court possesses inherent authority to manage its docket efficiently and equitably. The harm described by Plaintiff, including life-threatening medical conditions and active rights violations, underscores the need to prioritize this motion to ensure timely justice. Delaying resolution risks perpetuating harm and undermines the Court's role as a protector of federal rights. See *Landis v. North American Co., 299 U.S. 248, 254 (1936)*

The Federal Rules of Civil Procedure emphasize the need for courts to administer justice in a "just, speedy, and inexpensive" manner. Expediting this motion aligns with Rule 1 by:

- Mitigating the undue financial, physical, and emotional harm to Plaintiff.
- Streamlining case management by resolving fundamental jurisdictional and legal issues at the earliest opportunity.

5. **Efficiency and Judicial Economy:** Prompt resolution of the pending motion, and immediate scheduling of the hearing to receive my testimony will facilitate efficient case management and conserve judicial resources by avoiding further delays to engage in direct line of questioning to remove hurdles and barriers to this Honorable Court's understanding and ultimately the acceptance that the unthinkable is unfortunately a factual statement. Additionally, the sooner the next steps begin, the fewer victims there will be in future litigation.

6. **Request for Immediate Action**: For the foregoing reasons, Plaintiff respectfully requests that the Court expedite its ruling on the pending motion.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

1. Expedite its ruling on the Motion to Reconsider Partial Dismissed Claims on 2025 January 8th

2. Schedule an immediate hearing to receive Plaintiff's testimony and address unresolved issues.

3. Grant such other and further relief and the Court deems just and proper.

RESPECTFULLY SUBMITTED

At this stage of these proceedings, it is the good faith assumption of the Plaintiff that their IFP status, which includes personal service and copy services, and my use of the electronic filing system the District Court has provided is meeting all Personal and Certificate of Service requirements for all applicable Defendants.

**January 14, 2025**

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113