# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RYAN DILLON-CAPPS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil No. 24-3744-BAH |
| OHANA GROWTH PARTNERS, LLC, ET AL. | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>ORDER</u>

On January 8, 2025, this Court issued an order that, among other things, dismissed several defendants and directed Plaintiff Ryan Dillon-Capps ("Plaintiff") to file an amended complaint that complied with certain directives outlined in that order by January 31, 2025.  *See* ECF 18. Plaintiff filed a motion to reconsider the partial dismissal, ECF 19, including a memorandum of law in support, ECF 19-1, and an affidavit, ECF 19-2.  Plaintiff filed a motion to expedite a ruling on the motion to reconsider, asserting that good cause exists under 28 U.S.C. § 1657(a) to expedite this matter.  ECF 20.  Plaintiff also asks that ECF 4-3 be stricken from the record.  ECF 21.

A district court may reconsider a non-final order under Federal Rule of Civil Procedure 54(b).  Pursuant to Rule 54(b) "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [final judgment]."  Fed. R. Civ. P. 54(b); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013).  "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v.*

*Boston Sci. Corp.*, 856 F.3d 325 (4th Cir. 2017)). However, "the Fourth Circuit has suggested that the Rule 60(b) standard guides the district court's analysis." *Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294, at *2 (D. Md. Sept. 6, 2022) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991)).

So, a court may reconsider an order under Rule 54(b) when (1) there has been a change in controlling applicable law; (2) the Court made a clear error resulting in manifest injustice; or (3) new facts or evidence have emerged that could not have been discovered before the motion was filed. *See U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (citing *Carlson*, 856 F.3d at 325); *see also Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). The moving party "must clearly establish the grounds . . . to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

Plaintiff essentially argues that reconsideration is warranted because the Court made a clear error resulting in manifest injustice. Specifically, Plaintiff argues (1) that the Court improperly applied the *Rooker-Feldman* doctrine, (2) that the state court waived sovereign immunity when a state court judge informed Plaintiff that they could file an action under the Family and Medical Leave Act in federal court, (3) that the Norris-LaGuardia Act does apply to the state court, (4) that judicial immunity does not protect the circuit court and judicial staff, and (5) that Plaintiff's request for injunctive relief is not barred by judicial immunity under *Pulliam v. Allen*, 466 U.S. 522 (1984). *See* ECF 19, at 3–10. Having reviewed Plaintiff's motion to reconsider and its attachments, the Court finds that reconsideration is not warranted. The motion to reconsider is denied. In recognition that this order comes two days before Plaintiff's deadline to file an amended complaint that complies with the January 8, 2025 memorandum and order, the Court will extend Plaintiff's deadline to file an amended complaint to February 12, 2025.

The Court also denies Plaintiff's motion to expedite.  By federal statute, "each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown."  28 U.S.C. § 1657(a).  "'[G]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."  *Id.*  While Plaintiff asserts that their rights "will continue to be violated as part of daily operations of these state actors and others who are engaging in the same and similar conduct until the federal court intervenes," ECF 20, at 2, the Court finds that Plaintiff has not demonstrated good cause to expedite this action.  To the extent Plaintiff sought only to expedite the ruling on the motion to reconsider, that request is now moot.  The Court will grant Plaintiff's motion to strike ECF 4-3, which Plaintiff represents was filed by mistake and is a prior version of ECF 4-2.

Accordingly, it is this 29th day of January, 2025, hereby ORDERED that:

(1) Plaintiff's motion to reconsider, ECF 19, is DENIED;

(2) Plaintiff's motion to expedite, ECF 20, is DENIED;

(3) Plaintiff's motion to strike, ECF 21, is GRANTED;

(4) The document at ECF 4-3 is STRICKEN;

(5) Plaintiff's deadline to file an amended complaint is extended to February 12, 2025; and

(6) The Clerk IS DIRECTED to provide a copy of this order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge