| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** <br> 212 West Padonia Road <br> Timonium, Maryland 21093 <br><br> *Plaintiff*, <br><br> vs. <br><br> **RYAN DILLON-CAPPS** <br> 1334 Maple Avenue <br> Essex, Maryland 21221 <br><br> *Defendant*. | IN THE <br><br> CIRCUIT COURT <br><br> FOR <br><br> BALTIMORE COUNTY <br><br> FILE NO.: C-03-CV-24-002264 |

## COMPLAINT

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned counsel, hereby sues Defendant, Ryan Dillon-Capps ("Defendant" or "Dillon-Capps) and states as follows.

## NATURE OF ACTION

1. This is an action brought as a result of Defendant's breaches of their duties as Plaintiff's employee, most significantly in refusing to provide Global Administrator rights, pertaining to Plaintiff's software systems and Internet domain name registrations, to Plaintiff's officers and designees. Instead, Defendant has eliminated all Global Administrator rights other than those Defendant possesses, and through which Defendant currently exercises complete control over those systems and registrations. Because, in addition to constituting breaches of Defendant's duties to Plaintiff, Defendant's actions create a substantial risk to Plaintiff's systems, data and business, Plaintiff seeks an immediate injunction compelling Defendant provide Global Administrator rights to Plaintiff's designee as directed.

## THE PARTIES

2.  Plaintiff Ohana is a Maryland limited liability company with its principal place of business located at 212 West Padonia Road, Timonium, Baltimore County, Maryland 21093.

3.  Defendant Dillon-Capps is a citizen of the State of Maryland who resides at 1334 Maple Avenue, Essex, Baltimore County, Maryland.

## JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction over this action pursuant to MD. CODE ANN., CTS. & JUD PROC., §1-501.

5.  This Court has personal jurisdiction over Defendant pursuant to MD. CODE ANN., CTS. & JUD PROC., §6-102(a) because they reside in Baltimore County, Maryland.

6.  Venue is proper in this Circuit pursuant to MD. CODE ANN., CTS. & JUD PROC., §6-201(a) because Defendant resides in Baltimore County.

## FACTUAL BACKGROUND

7.  Ohana is a franchise division of Planet Fitness. Ohana owns and operates 78 Planet Fitness health clubs with over 500,000 members in Maryland, the District of Columbia, Tennessee, Florida, Washington state, and California.

8.  Ohana has 1,472 employees, 712 of whom live in Maryland.

9.  Ohana maintains a Microsoft 365 account (the "Ohana MS 365 Account"), through which it provides a full suite of software applications to the company's employees, including Microsoft Exchange for company email, Microsoft OneDrive and SharePoint for document management and storage, Microsoft Teams for videoconferencing, as well as other IT services. Ohana's Microsoft 365 Account also includes a subscription to Microsoft Azure, which

provides Ohana the ability to deploy, operate and back up data created with those applications in the cloud.

10. Through an account with Internet domain registrar GoDaddy.com, Ohana maintains and administers registrations for over a dozen second level internet domain names, which are directed to websites and Ohana's Microsoft Exchange company email. (the "Ohana GoDaddy Account").

11. Since February 10, 2020, Ryan Dillon-Capps (*nee* Wagner), the Defendant in the above-captioned matter ("Dillon-Capps"), has been employed by Ohana as its Vice President of Information Technology. On January 9, 2020 Ohana and Dillon-Capps executed an Employment and Non-Disclosure Agreement (the "Dillon-Capps Employment Agreement"). As of at least June 2, 2024 Dillon-Capps asked to be referred to using plural pronouns.

12. Dillon-Capps reports to Glenn Norris, the Chief Financial Officer of Ohana ("Norris"). In that capacity, Norris provides Dillon-Capps with supervision and issues directives in connection with the operation of Ohana's software systems.

13. Ohana granted to Dillon-Capps, in their capacity as Vice President of Information Technology and so that they could perform requested job duties, "Global Admin" rights to the Ohana MS 365 Account, allowing them "almost unlimited access to [Ohana's] settings and most of its data." Because "[a] Global Admin may inadvertently lock their account and require a password reset, . . .[Microsoft] recommend[s] [Ohana] have at least either one more Global Admin." *See* https://learn.microsoft.com/en-us/microsoft-365/admin/add-users/about-admin-roles?view=o365-worldwide Additionally, it is important that more than one person have full administrative right in case one person holding them is unavailable or, as in this case, refuses to cooperate with company directives regarding the IT system owned by the company. In part for

3

those reasons, Ohana had also provided Global Admin rights to Ryan Brooks of Baltimore Consulting, an independent third-party contractor for Ohana that provides comprehensive IT services.

14. On May 20, 2024, without authorization from Norris or other senior executives, Dillon-Capps severed and discontinued all administrative access to the Ohana MS 365 Account that had been held by other Ohana employees, as well as the Global Admin rights provided to Mr. Brooks. On six (6) separate occasions between May 21, 2024 and May 24, 2024, Dillon-Capps was sent express written directives to reinstate Mr. Brooks' administrative access. Since May 24, 2024, management sent Dillon-Capps separate written directives to provide full administrative rights to Justin Drummond, Ohana's President, to Victor Brick, Ohana's CEO, and to Norris, the CFO, in addition to Mr. Brooks. All these directives were disobeyed. Despite these repeated written express directives from Ohana's management, and in violation of Section 1 of the Dillon-Capps Employment Agreement, Dillon-Capps refused to instate full administrative rights to the Ohana MS 365 Account to Ohana's President, CEO, and CFO.

15. In their capacity as Vice President of Information Technology, Dillon-Capps acquired sole administrative control over the Ohana GoDaddy Account.

16. On June 13, 2024, Ohana's Vice President of Human Resources Richard Hartman sent an email to Mr. Dillon-Capps directing them to provide the Global Administrator rights over the Ohana MS 365 Account to Phil Leadore, of Hartman Executive Advisors, which Ohana engaged to assist Ohana with IT matters, and to do so by 3 pm that day. Mr Dillon-Capps refused to comply with that directive, claiming that Ohana's efforts to control its own systems, MS 365 Account somehow amounts to retaliation against them. Mr. Dillon-Capps failed to comply with the directive by 3 p.m. As a result Dillon-Capps continues to maintain and exercise exclusive

4

administrative rights to the Ohana Microsoft 365 Account and administrative control of the Ohana GoDaddy Account.

17. As of 2:05 p.m. on June 13, 2024, Mr. Hartman discovered that he had been locked out of his Ohana company email account and is now unable to send or receive emails from that account to or from any of Ohana's 1,472 employees. As of 5 p.m. on June 13, 2024 Mr. Hartman discovered that he was unable to log into Ohana's Microsoft Teams account and is effectively locked out of the Microsoft 356 suite of applications in the Ohana MS 365 Account. Mr. Hartman's inability, caused by Dillon-Capps, to communicate with any of Ohana's 1,472 employees or to access any of Ohana's personnel records has effectively rendered it impossible for him to perform in his critical role as Vice President of Human Resources for the company.

18. At 8:45 p.m. on June 13, 2024, at the direction of Ohana President Justin Drummond, Mr. Hartman sent an email to Dillon-Capps, using his personal email account, to which Mr. Hartman attached a letter advising Dillon-Capps of the immediate suspension of their employment with Ohana. Dillon-Capps responded with an email, copying President Justin Drummond and other Ohana executives, stating that Dillon-Capps did not recognize Mr. Hartman's authority as Vice President of Human Resources to suspend Dillon-Capps' employment, and falsely claimed that Dillon-Capps was acting upon Mr. Drummond's authority. Mr. Drummond responded to Dillon-Capps' email as follows:

> Ryan:
>
> Your assertions that Rich Hartman did not suspend you or lacked the authority to suspend you are both incorrect and baseless.
>
> For the avoidance of any doubt by you, I incorporate into this email Rich Hartman's email to you today notifying you of your suspension and hereby confirm that you were suspended upon receipt of that email. Please follow fully the directives in that suspension notification.

> I also hereby confirm that you have been directed by me to immediately comply with Rich Hartman's email of 9:01 am this morning by immediately adding Phil Leodore from HEA as a Global Administrator regardless of whether he has confirmed any qualifications or involvement in the PCI DSS v4 review.
>
> Thank You,
>
> *Please excuse any typos. Email sent from iPhone*
>
> **Justin Drummond**

As of the filing of this Complaint Mr. Drummond has received no response from Dillon-Capps, nor has Dillon-Capps complied with the directive to add Phil Leadore from HEA as a Global Administrator on Ohana's Microsoft 365 account.

19. Without administrative rights to the Ohana Microsoft 365 account, Ohana is unable to manage any of its Microsoft 365 software applications and related data. So long as Dillon-Capps continues to hold exclusive Global Admin rights to the Ohana MS 365 Account, and by extension Ohana's employee email accounts and data, those accounts and data are vulnerable to disruption by Dillon-Capps. So long as Dillon-Capps continues to hold exclusive administrative control over the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

20. Even a temporary disruption of the Ohana MS 365 Account and/or the Ohana GoDaddy Account would result in tremendous disruption of Ohana's business operation and irreparable harm to Ohana. Given Dillon-Capps refusal to act as directed by their supervisors and other behavior, Ohana believes that, in the absence of a Court Order directing Dillon-Capps to immediately provide the Global Administrator rights to Phil Leadore there is a significant risk that Dillon-Capps will take action to disrupt Ohana's software systems and business operations and to destroy or corrupt Ohana's data.

6

. Complaint                    Page # 6 of 10                    Exhibit SCD-1 [State Court Document File # 1 of 303] .

## COUNT I – BREACH OF CONTRACT

21. Ohana incorporates the allegations above as if fully set forth herein.

22. Defendant's repeated refusal to comply with Ohana's directives to provide Global Admin rights to Mr. Leadore and others violates Section 1 of the Dillon-Capps Employment Agreement, which requires that Dillon-Caps "faithfully and diligently perform . . . duties as may be assigned by management from time to time."

23. Defendant's violation and continued violation of the Dillon-Capps Employment Agreement has directly resulted in damages to Ohana in the form of significant expense, including otherwise unnecessary consulting fees and attorneys' fees.

24. Defendant's continued violation of the Dillon-Capps Employment Agreement is depriving Ohana of the right to control Ohana's property, to wit, the Ohana MS 365 Account and the Ohana GoDaddy Account and has created a risk of imminent and irreparable harm to Ohana.

WHEREFORE, Plaintiff, Ohana Growth Partners, LLC, respectfully requests that judgment be entered as to Count I in favor of Ohana and against Defendant in an amount equal to the damages caused by Defendant's wrongful conduct, plus pre- and post-judgment interest thereon; that temporary, preliminary and permanent injunctions be entered requiring Defendant to take immediate action to provide Global Administrator rights over the Ohana MS 365 Account and the Ohana GoDaddy Account to Phil Leadore, of Hartman Executive Advisors; and that the Court award to Ohana the cost of these proceedings, and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT II – BREACH OF DUTY OF LOYALTY

25. Ohana incorporates the allegations above as if fully set forth herein.

26. Defendant's repeated refusal to comply with Ohana's directives to provide Global Admin rights to Mr. Leadore and others violates Dillon-Capps' duty of loyalty to Ohana as their employer.

27. Defendant's violation and continued violation of their duty of loyalty has directly resulted in damages to Ohana in the form of significant expense, including otherwise unnecessary consulting fees and attorneys' fees.

28. Defendant's continued violation of their duty of loyalty is depriving Ohana of the right to control Ohana's property, to wit, the Ohana MS 365 Account and the Ohana GoDaddy Account and has created a risk of imminent and irreparable harm to Ohana.

WHEREFORE, Plaintiff, Ohana Growth Partners, LLC, respectfully requests that judgment be entered as to Count II in favor of Ohana and against Defendant in an amount equal to the damages caused by Defendant's wrongful conduct, plus pre- and post-judgment interest thereon; that temporary, preliminary and permanent injunctions be entered requiring Defendant to take immediate action to provide Global Administrator rights over the Ohana MS 365 Account and the Ohana GoDaddy Account to Phil Leadore, of Hartman Executive Advisors; and that the Court award to Ohana the cost of these proceedings, and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT III – BREACH OF DUTY OF MD. CODE ANN., CRIM. LAW., §7-302(c)

29. Ohana incorporates the allegations above as if fully set forth herein.

30. Defendant's repeated refusal to comply with Ohana's directives to provide Global Admin rights to Mr. Leadore and others constitutes a violation of MD. CODE ANN., CRIM. LAW., §7-302(c).

8

. Complaint                     Page # 8 of 10                   Exhibit SCD-1 [State Court Document File # 1 of 303] .

31. Ohana has suffered a specific and direct injury because of Defendant's violation of and, therefore is entitled, pursuant to MD. CODE ANN., CRIM. LAW., §7-302(g), to bring a civil action against Defendant for that violation to recover Ohana's actual damages and reasonable attorneys' fees and court costs.

32. Defendant's continued violation of MD. CODE ANN., CRIM. LAW., §7-302(c) is depriving Ohana of the right to control Ohana's property, to wit, the Ohana MS 365 Account and the Ohana GoDaddy Account and has created a risk of imminent and irreparable harm to Ohana.

WHEREFORE, Plaintiff, Ohana Growth Partners, LLC, respectfully requests that judgment be entered as to Count III in favor of Ohana and against Defendant in an amount equal to the damages caused by Defendant's wrongful conduct, plus pre- and post-judgment interest thereon and the reasonable attorneys' fees and court costs that Ohana has incurred in connection with this matter; that temporary, preliminary and permanent injunctions be entered requiring Defendant to take immediate action to provide Global Administrator rights over the Ohana MS 365 Account and the Ohana GoDaddy Account to Phil Leadore, of Hartman Executive Advisors; and such other and further relief as this Court deems just and appropriate under the circumstances.

9

. Complaint    Page # 9 of 10    Exhibit SCD-1 [State Court Document File # 1 of 303] .

| | |
|---|---|
| Dated: June 14, 2024 | */s/ Robert S. Brennen*<br>Robert S. Brennen (AIS # 8712010068)<br>e-mail: RBrennen@milestockbridge.com<br>Stephen D. Frenkil (AIS # 7712010110)<br>e-mail: SFrenkil@milesstockbridge.com<br>Victoria K. Hoffberger (AIS # 1912170195)<br>e-mail: VHoffberger@milesstockbridge.com<br>MILES & STOCKBRIDGE P.C.<br>100 Light Street<br>Baltimore, Maryland 21202<br>Telephone:   (410) 727-6464<br>Facsimile:    (410) 385-3700<br><br>*Counsel for Plaintiff Ohana Growth Partners, LLC* |

10

.  Complaint                                   Page # 10 of 10                        Exhibit SCD-1 [State Court Document File # 1 of 303]  .