| | |
|---|---|
| **OHANA GROWTH PARTNERS, LLC** | **IN THE** |
| *Plaintiff*, | **CIRCUIT COURT** |
| vs. | **FOR** |
| **RYAN DILLON-CAPPS** | **BALTIMORE COUNTY** |
| *Defendant*. | **FILE NO.:** C-03-CV-24-002264 |

**PLAINTIFF'S MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, Ohana Growth Partners, LLC. ("Plaintiff" or the "Ohana"), by its undersigned counsel and pursuant to Maryland Rules 15-502, 15-504 and 15-505, hereby moves for a temporary restraining order ("TRO") and preliminary injunction against Defendant, Ryan Dillon-Capps ("Defendant" or "Dillon-Capps) and in support thereof states as follows:

1. Plaintiff Ohana comes to this Court to temporarily and preliminarily enjoin the Defendant from holding hostage Ohana's computer systems, domain name registrations, and data and to immediately instate Ohana's designee with Global Admin rights so that Ohana can regain control over its property.

2. Ohana is a franchise division of Planet Fitness. Ohana owns and operates 78 Planet Fitness health clubs with over 500,000 members in Maryland, the District of Columbia, Tennessee, Florida, Washington state, and California.

3. Ohana has 1,472 employees, 712 of whom live in Maryland.

4. On May 20, 2024, without authorization from their supervisor and Ohana CFO Glenn Norris or other senior executives, Defendant, who is employed by Ohana as its Vice President of Information Technology, severed and discontinued all administrative access to Ohana's Microsoft 365 Account that had been held by other Ohana employees, as well as the

Global Admin rights provided to an independent consultant hired by Ohana. On six (6) separate occasions between May 21, 2024 and May 24, 2024, Defendant was sent express written directives to reinstate the consultant's administrative access. Since May 24, 2024, management sent Defendant separate written directives to provide full administrative rights to Justin Drummond, Ohana's President, to Victor Brick, Ohana's CEO, and to Norris, the CFO, in addition to the consultant. All these directives were disobeyed. As a result of Defendant's actions, Defendant has taken over sole administrative control of Ohana's Microsoft 365 Account and the GoDaddy Account through which Ohana's Internet domain names are administered.

5. On June 13, 2024, Ohana's Vice President of Human Resources Richard Hartman sent an email to Defendant directing Defendant to provide the Global Administrator rights over the Ohana Microsoft 365 Account and the Ohana GoDaddy Account to Phil Leadore, of Hartman Executive Advisors, which Ohana engaged to assist Ohana with IT matters, and to do so by 3 pm that day. Defendant refused to comply with that directive and continues to maintain and exercise exclusive administrative rights to the Ohana Microsoft 365 Account and administrative control of the Ohana GoDaddy Account.

6. As of 2:05 p.m. on June 13, 2024, Mr. Hartman discovered that he had been locked out of his Ohana company email account and is now unable to send or receive emails from that account to or from any of Ohana's 1,472 employees. As of 5 p.m. on June 13, 2024 Mr. Hartman discovered that he was unable to log into Ohana's Microsoft Teams account and is effectively locked out of the Microsoft 356 suite of applications in the Ohana MS 365 Account. Mr. Hartman's inability, caused by Dillon-Capps, to communicate with any of Ohana's 1,472 employees or to access any of Ohana's personnel records has effectively rendered it impossible for him to perform in his critical role as Vice President of Human Resources for the company.

2

7.     At 8:45 p.m. on June 13, 2024, at the direction of Ohana President Justin Drummond, Mr. Hartman sent an email to Dillon-Capps using Mr. Hartman's personal email account, to which Mr. Hartman attached a letter advising Dillon-Capps of the immediate suspension of their employment with Ohana. Dillon-Capps responded with an email, copying Ohana President Justin Drummond and stating that they did not recognize Mr. Hartman's authority as Vice President of Human Resources to suspend Dillon-Capps' employment, and falsely claimed that Dillon-Capps was acting upon the authority of Ohana President Justin Drummond. Mr. Drummond responded to Dillon-Capps:

> Ryan:
>
> Your assertions that Rich Hartman did not suspend you or lacked the authority to suspend you are both incorrect and baseless.
>
> For the avoidance of any doubt by you, I incorporate into this email Rich Hartman's email to you today notifying you of your suspension and hereby confirm that you were suspended upon receipt of that email. Please follow fully the directives in that suspension notification.
>
> I also hereby confirm that you have been directed by me to immediately comply with Rich Hartman's email of 9:01 am this morning by immediately adding Phil Leodore from HEA as a Global Administrator regardless of whether he has confirmed any qualifications or involvement in the PCI DSS v4 review.
>
> Thank You,
>
> *Please excuse any typos. Email sent from iPhone*
>
> **Justin Drummond**

As of the filing of this Motion Mr. Drummond has received no response from Dillon-Capps, nor has Dillon-Capps complied with the directive to add Phil Leadore from HEA as a Global Administrator on Ohana's Microsoft 365 account.

3

8. Defendant's actions constitute violations of Defendant's employment agreement with Ohana, Defendant's duty of loyalty to Ohana as Ohana's employee, and MD. CODE ANN., CRIM. LAW., §7-302(c).

9. Without administrative rights to the Ohana Microsoft 365 account, Ohana is unable to manage any of its Microsoft 365 software applications and related data. So long as Defendant continues to hold exclusive Global Admin rights to the Ohana MS 365 Account, and by extension Ohana's employee email accounts and data, those accounts and data are vulnerable to disruption by Defendant. So long as Defendant continues to hold exclusive administrative control over the Ohana GoDaddy Account, the direction of Ohana's registered domain names to Ohana's company email and websites are at risk.

10. Even a temporary disruption of the Ohana Microsoft 365 Account and/or the Ohana GoDaddy Account would result in tremendous disruption of Ohana's business operation and irreparable harm to Ohana. Given Defendant's refusal to act as directed by Defendant's supervisors and other behavior, Ohana believes that, in the absence of a Court Order directing Defendant to immediately provide the Global Administrator rights to Phil Leadore, there is a significant risk that Defendant will take action to disrupt Ohana's software systems and business operations and to destroy or corrupt Ohana's data.

11. Indeed, Defendant has already undertaken deliberate action to disrupt Ohana's systems and business. Within a few hours of Mr. Hartman's email directing Defendant to instate Mr. Leodore with admin rights, Defendant took action to block Mr. Hartman's access to Ohana's computer systems, effectively depriving Ohana of the services of its Vice President of Human Resources.

4

5

7. Thus, Ohana confronts the imminent threat of substantial and irreparable harm in the form of disruption of its 1,412 employees' access to the company's data and systems and to their company email accounts. Further, if this Court does not act to enjoin Defendant from holding hostage Ohana's systems and data, Ohana faces the imminent threat of injury to its goodwill and advantageous relationships with its customers and its own employees, and its reputation in the industry.

12. Accordingly, entry of the requested injunctive relief is necessary to prevent irreparable harm to Ohana and to preserve the *status quo* until a such time as this Court can rule on the merits of the claims asserted in Ohana's Complaint.

13. The reasons for authorities supporting this Motion are set forth in the supporting Memorandum and attached exhibits, which are incorporated herein by reference.

**WHEREFORE,** for all the foregoing reasons, Ohana respectfully requests that this Court enter the proposed TRO and Preliminary Injunction being submitted simultaneously with this Motion, and for any and all other and further relief as justice requires.

June 14, 2024

Respectfully submitted,

*/s/ Robert S. Brennen*
Robert S. Brennen (AIS # 8712010068)
e-mail: RBrennen@milestockbridge.com
Stephen D. Frenkil (AIS # 7712010110)
e-mail: SFrenkil@milesstockbridge.com
Victoria K. Hoffberger (AIS # 1912170195)
e-mail: VHoffberger@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone:    (410) 727-6464
Facsimile:    (410) 385-3700

*Counsel for Plaintiff Ohana Growth Partners, LLC*