**EXHIBIT 3**

C-03-CV-24-002264

### 1998 LEGISLATIVE HISTORY FOR HB0925

LR1505                                      FILECODE: E1

SPONSOR(S): Rudolph, David D., Delegate District 35B
            Cryor, Jean B., Delegate District 15

SHORT TITLE: Crimes - Computers - Exceeding Authorized Access..

COMMENT:  Session Laws, Chapter 525
FISCAL IMPACT:  Fiscal Note available

SYNOPSIS:
    Expanding the provisions relating to unauthorized access to specified
    computer devices, systems, or services to apply to a person who
    exceeds the person's authorized access and to specified possession of
    valid access codes; increasing a statute of limitations for specified
    computer crimes; and generally relating to computer crimes.

            HOUSE                          SENATE
            -----                          ------

    2/12 1rg jud                   3/26 1rg jpr
    2/18 hrg 3/17 at 1:00 p.m.     4/01 hrg 4/07 at 1:00 p.m.
    3/23 fwa rpt by jud            4/13 fav rpt by jpr
         fwa rpt adp               4/12 fav rpt adp
    3/23 2rg pwa                   4/12 2rg pas
    3/25 3rg pas (133-0)           4/13 3rg pas (47-0)
    4/11 ret pas

            5/12 GOV app Chapter 525

SUBJECT KEY(S):

    COMPUTERS, CRIMESP, STATUTL

STATUTE(S):

    (g27) Crimes and Punishments
          146 (c) amended
          146 (a) without amendments
    (gcj) Courts and Judicial Proceedings
          5-106 (x) added

SENATE OF MARYLAND
JUDICIAL PROCEEDINGS COMMITTEE
SPEAKERS AND APPEARANCES

Senate Bill No. _____
House Bill No. 925

Subject Matter: CRIMES – COMPUTERS – EXCEEDING AUTHORIZED ACCESS

Date of Hearing: APRIL 7, 1998

Sponsor of Bill: DEL RUDOLPH

(IF NAME IS NOT PRINTED, WITNESS MAY NOT BE CALLED TO TESTIFY.)  LIST OF SPEAKERS AND INTERESTED PARTIES

## PLEASE PRINT
### "PLEASE PRINT"

| FOR | AGST | TIME REQUESTED TO SPEAK | NAME | ADDRESS | PHONE# |
|-----|------|------------------------|------|---------|--------|
| ✓ | | 5 min | Ofcr Barry Loese | MD STATE Police | 410-290-1620 |

HOUSE JUDICIARY COMMITTEE
VOTE TALLY

H.B. **925**                         DATE **3-20-98**                    S.B._____

H.J.R._____                                                          S.J.R._____

MOTION ✓ Favorable          ✓ Amended          _____ Re-refer to_____

_____ Unfavorable        _____ Hold            _____ Other_____

| | YEAS | NAYS | ABSTAIN | ABSENT | |
|---|---|---|---|---|---|
| VALLARIO, J. F. | | | | | |
| | | | | | |
| DOORY, A. M. | ✓ | | | | |
| MONTAGUE, K. C. | ✓ | | | | |
| CONROY, M. A. | | | | ✓ | excused |
| DEMBROW, D. L. | ✓ | | | | |
| PERRY, M. G. | | | | ✓ | |
| MURPHY, T. D. | ✓ | | | | |
| TURNER, F. S. | ✓ | | | | |
| GROSFELD, S. | ✓ | | | | |
| JACOBS, N. | ✓ | | | | |
| BURNS, M. W. | ✓ | | | | |
| PETZOLD, C. S. | ✓ | | | | |
| HUTCHINS, T. E. | ✓ | | | | |
| MURPHY, D. E. | ✓ | | | | |
| BURNS, E. C. | ✓ | | | | |
| O'DONNELL, A. J. | ✓ | | | | |
| BAKER, R. L. | ✓ | | | | |
| COMEAU, M. G. | ✓ | | | | |
| VALDERRAMA, D. M. | ✓ | | | | |
| BISSETT, P. D. | | | | ✓ | excused |
| GENN, G. J. | ✓ | | | | |
| MENES, P. H. | ✓ | | | | |
| | | | | | |
| **TOTAL** | **18** | **0** | **0** | **3** | |

COMMITTEE REPORTER **C Karlin**



# SENATE OF MARYLAND
## JUDICIAL PROCEEDINGS COMMITTEE
## VOTING RECORD

Date: _4-13-98_

SB _____                    HB _925_

SJR _____                   HJR _____

MOTION _FAV_          PASSED _✓_          FAILED _____

Favorable                      _✓_

Favorable with amendments      ____

Re-refer                       ____

Unfavorable                    ____

Hold                           ____

Other                          ____

|                          | Yeas | Nays |
|--------------------------|------|------|
| BAKER, Chairman          | ✓    |      |
| GREEN, Vice Chairman     | ✓    |      |
| HAINES                   | ✓    |      |
| COLBURN                  | ✓    |      |
| FERGUSON                 | ✓    |      |
| JIMENO                   | ✓    |      |
| JEFFERIES                | ✓    |      |
| FOREHAND                 | ✓    |      |
| HUGHES                   | ✓    |      |
| MIDDLEBROOKS             |      | ✓    |
| STONE                    | ✓    |      |
| **TOTAL**                | 10   | 1    |

AB - Absent

SEQ NO. 1291                          APR 13, 1998     10:43 PM

                         Senate of Maryland
                         1998 Regular Session

          HB 925   Third Reading (HB) Calendar No. 60
                 Del. Rudolph et al                    (JPR)
          Crimes - Computers - Exceeding Authorized Access

          On Third Reading


                      PRESIDING:  MR. PRESIDENT


     LEGISLATIVE DATE
     APR 13, 1998

        47 YEAS   0 NAYS   0 EXC   0 NOT VOTING   0 EXCUSED (ABSENT)


     VOTING YEA - 47

        MR. PRESIDENT      DERR            HOLLINGER        MUNSON
        ASTLE              DORMAN          HUGHES           NEALL
        BAKER              DYSON           JEFFERIES        PINSKY
        BLOUNT             FERGUSON        JIMENO           ROESSER
        BOOZER             FOREHAND        KASEMEYER        RUBEN
        BROMWELL           FROSH           KELLEY           SFIKAS
        COLBURN            FRY             LAWLAH           STOLTZFUS
        COLLINS            GREEN           MADDEN           STONE
        CONWAY             HAFER           MCCABE           TEITELBAUM
        CRAIG              HAINES          MCFADDEN         TROTTER
        CURRIE             HOFFMAN         MIDDLEBROOKS     VAN HOLLEN
        DELLA              HOGAN           MIDDLETON


     VOTING NAY - 0


     NOT VOTING - 0


     EXCUSED FROM VOTING - 0


     EXCUSED (ABSENT) - 0

```
SEQ NO. 512                                    MAR 25, 1998    5:34 PM
PRESIDING:  Mr. Speaker                LEGISLATIVE DATE:  MAR 25, 1998
```

General Assembly of Maryland
House of Delegates
1998 Regular Session

HB 925  Third Reading (HB) Calendar No. 37
Del. Rudolph et al                    (JUD)
Crimes - Computers - Exceeding Authorized Access

On Third Reading

133 YEAS    0 NAYS    0 EXC    3 NOT VOTING    5 EXCUSED (ABSENT)

VOTING YEA - 133

| | | | | |
|---|---|---|---|---|
| Mr. Speaker | Cryor | Harkins | McClenahan | Pitkin |
| Arnick | Davis C | Healey | McHale | Poole |
| Baker R | Davis D | Heller | McKee | Ports |
| Baker W | DeCarlo | Hixson | Menes | Preis |
| Baldwin | Dembrow | Howard | Minnick | Proctor |
| Barve | Dewberry | Hubbard | Mitchell C | Rawlings |
| Beck | Dobson | Hughes B | Mitchell V | Redmer |
| Benson | Donoghue | Hughes D | Moe | Rosenberg |
| Billings | Dypski | Hurson | Mohorovic | Rudolph |
| Bissett | Eckardt | Hutchins | Montague | Rzepkowski |
| Bobo | Edwards | Jacobs | Morgan | Schade |
| Bonsack | Elliott | Jones | Morhaim | Schisler |
| Boston | Exum | Kach | Mossburg | Shriver |
| Bozman | Faulkner | Kagan | Murphy D | Slade |
| Branch | Finifter | Kelly | Murphy T | Snodgrass |
| Brinkley | Flanagan | Kirk | Muse | Stocksdale |
| Burns E | Franchot | Kittleman | Nathan-Pulliam | Stull |
| Burns M | Frank | Klausmeier | O'Donnell | Stup |
| Busch | Frush | Klima | Oaks | Turner |
| Cadden | Fulton | Kopp | Opara | Valderrama |
| Campbell | Genn | Krysiak | Owings | Vallario |
| Ciliberti | Getty | La Vay | Palumbo | Walkup |
| Clagett | Goldwater | Leopold | Patterson | Weir |
| Comeau | Gordon | Love | Pendergrass | Willis Miller |
| Conroy | Greenip | Malone | Perry | Wood |
| Conway | Grosfeld | Mandel | Petzold | Workman |
| Crumlin | Hammen | Marriott | | |

VOTING NAY - 0

NOT VOTING - 3

| | | |
|---|---|---|
| Guns | Harrison | Holt |

EXCUSED FROM VOTING - 0

EXCUSED (ABSENT) - 5

| | | | | |
|---|---|---|---|---|
| Doory | Hecht | Linton | McIntosh | Watson |

* indicates vote change

**HB 925**

# Department of Legislative Services
Maryland General Assembly

## FISCAL NOTE

House Bill 925    (Delegate Rudolph)
Judiciary

### Crimes - Computers - Exceeding Authorized Access

This bill expands the provision of law pertaining to computer access to prohibit a person from intentionally, willfully, and without authorization exceeding the person's authorized access to computer systems or services. The bill also prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes. A three-year statute of limitations is applied to all unauthorized access offenses of this subsection.

## Fiscal Summary

**State Effect:** Potential indeterminate increase in general fund revenues and expenditures due to the applicable penalty provisions. The effect of the three-year statute of limitations on possible prosecutions, convictions, and penalties is not readily predictable.

**Local Effect:** Potential indeterminate increase in revenues and expenditures due to the bill's penalty provisions.

**Small Business Effect:** Indeterminate. To the extent this bill might discourage unauthorized access to devices or systems and/or alleviate access code difficulties, large or small businesses in computer related fields could benefit. Such a potential benefit cannot be reliably quantified.

## Fiscal Analysis

**State Revenues:** Violators of the provisions of the bill are guilty of a misdemeanor and subject to a fine of up to $1,000 and/or imprisonment of up to three years, or a fine of up to $5,000 and/or imprisonment of up to five years, depending on the provision violated. As a result, general fund revenues could increase under the applicable monetary penalty provisions for those cases heard in the District Court, depending upon the number of convictions and fines imposed.

**State Expenditures:** General fund expenditures could increase as a result of the applicable incarceration penalty due to more people being committed to a Division of Correction (DOC) facility and increased payments to counties for reimbursement of inmate costs, depending upon the number of convictions and sentences imposed.

Persons serving a sentence longer than one year are incarcerated in a DOC facility. In fiscal 1999 the average monthly cost per inmate is estimated at $1,500.

Persons serving a sentence of one year or less are sentenced to a local detention facility. The State reimburses counties for part of their per diem rate after a person has served 90 days. State per diem reimbursements for fiscal 1999 are estimated to range from $12 to $42 per inmate depending upon the jurisdiction. Persons sentenced to such a term in Baltimore City are generally incarcerated in a DOC facility, with an average monthly cost estimated at $1,500 for fiscal 1999. [The Baltimore City Detention Center (BCDC), a State operated facility, is used primarily for pretrial detentions. The per diem cost for BCDC in fiscal 1999 is estimated at $43 per inmate.]

**Local Revenues:** Revenues could increase under the applicable monetary penalty provision for those cases heard in the circuit courts, depending upon the number of convictions and fines imposed.

**Local Expenditures:** Expenditures could increase as a result of the applicable incarceration penalty depending upon the number of convictions and sentences imposed. Counties pay the full cost of incarceration for people in their facilities for the first 90 days of the sentence, plus part of the per diem cost after 90 days. Per diem operating costs of local detention facilities are expected to range from $23 to $84 per inmate in fiscal 1999.

---

HB 925 / Page 2

**Information Source(s):**  Department of Public Safety and Correctional Services (Division of Correction), Department of Legislative Services

**Fiscal Note History:**        First Reader  - March 12, 1998
ncs

---

Analysis by:   Mike Sanelli              Direct Inquiries to:
Reviewed by:  John Rixey                 John Rixey, Coordinating Analyst
                                         (410) 841-3710
                                         (301) 858-3710

HB 925 / Page 3

HB 925

J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DONNA HILL STATON
DEPUTY ATTORNEYS GENERAL

LEGISLATIVE SERVICES LIBRARY
B-08 LSB

ASSISTANT ATTORNEYS GENERAL



# THE ATTORNEY GENERAL
## OF MARYLAND

April 30, 1998

The Honorable Parris N. Glendening
Governor of Maryland
State House
Annapolis, Maryland  21401-1991

Dear Governor Glendening:

We have approved the following bills for constitutionality and legal sufficiency:

### SENATE

| SENATE | HOUSE | | |
|---|---|---|---|
| 91 | 110 | 680** | 1130 |
| 255* | 135 | 737 | 1199 |
| 264** | 192 | 781 | 1252 |
| 360 | 226 | 836 | 1265 |
| 446 | 253 | 904 | 1293 |
| 537 | 350*** | 925 | 1334 |
| 715*** | 430 | 933* | 1377**** |
| 761**** | 465 | 1043 | 1381 |
| | 523 | 1044 | |

Very truly yours,

*J. Joseph Curran Jr.*

J. Joseph Curran, Jr.
Attorney General

JJCjr:ads
cc:    Joseph C. Bryce
       Secretary of State
       Karl Aro

BALTIMORE METROPOLITAN AREA
Telephone (410) 841-3889
Fax (410) 841-3890
TTY For Deaf (410) 841-3814

COUNSEL TO THE GENERAL ASSEMBLY
104 LEGISLATIVE SERVICES BUILDING
90 STATE CIRCLE
ANNAPOLIS, MARYLAND  21401-1991

WASHINGTON METRO AREA
Telephone (301) 858-3889
Fax (301) 858-3890
TTY For Deaf (301) 858-3814

The Honorable Parris N. Glendening
Page 2
April 30, 1998

_____

*Footnotes*

\*        SB 255 is identical to HB 933.
\*\*       SB 264 is identical to HB 680.
\*\*\*      SB 715 is identical to HB 350.
\*\*\*\*     SB 761 is identical to HB 1377.



# SENATE JUDICIAL PROCEEDINGS COMMITTEE
WALTER M. BAKER, CHAIRMAN * COMMITTEE REPORT SYSTEM
Department of Legislative Services . 1998 General Assembly of Maryland

## FLOOR REPORT

### HOUSE BILL 925

**Crimes - Computers - Exceeding Authorized Access**

**SPONSORS:**

Delegates Rudolph and Cryor

**COMMITTEE RECOMMENDATION:**

Favorable.

**SUMMARY OF BILL:**

The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services. A violation of this offense is a misdemeanor punishable by a fine not to exceed $3,000, imprisonment not to exceed 1 year, or both.

This bill further prohibits a person from intentionally, wilfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill also prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**COMMITTEE AMENDMENTS:**

None.

**BACKGROUND:**

In the recent Court of Appeals case of <u>Briggs v. State</u> (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a

computer was authorized, but who exceeded the scope of the authorization. The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority. If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly. We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized." This bill will criminalize the conduct described in Briggs.

Under current law, a person is prohibited from intentionally, wilfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

JMc



## SENATE JUDICIAL PROCEEDINGS COMMITTEE
### WALTER M. BAKER, CHAIRMAN * COMMITTEE REPORT SYSTEM
Department of Legislative Services • 1998 General Assembly of Maryland

# BILL ANALYSIS

### HOUSE BILL 925

#### Crimes - Computers - Exceeding Authorized Access

**SPONSORS:**

Delegates Rudolph and Cryor

**SUMMARY OF BILL:**

The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services. A violation of this offense is a misdemeanor punishable by a fine not to exceed $3,000, imprisonment not to exceed 1 year, or both.

This bill further prohibits a person from intentionally, wilfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill also prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**BACKGROUND:**

In the recent Court of Appeals case of <u>Briggs v. State</u> (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a computer was authorized, but who exceeded the scope of the authorization. The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority. If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly. We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized." This bill will criminalize the conduct described in <u>Briggs</u>.

Under current law, a person is prohibited from intentionally, wilfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

AR





# JUDICIARY COMMITTEE
JOSEPH F. VALLARIO, JR., CHAIRMAN * COMMITTEE REPORT SYSTEM
Department of Legislative Services • 1998 General Assembly of Maryland

## BILL ANALYSIS
### HOUSE BILL 925

**Crimes - Computers - Exceeding Authorized Access**

**SPONSOR:**

Delegate Rudolph

**SUMMARY OF BILL:**

The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services.

This bill further prohibits a person from intentionally, wilfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

The bill prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes.

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**BACKGROUND:**

Under current law, a person is prohibited from intentionally, wilfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

In the recent Court of Appeals case of <u>Briggs v. State</u> (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a

computer was authorized, but who exceeded the scope of the authorization.  The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority.  If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly.  We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized."  This bill will criminalize the conduct described in <u>Briggs</u>.

AR



### SENATE JUDICIAL PROCEEDINGS COMMITTEE
### WALTER M. BAKER, CHAIRMAN * COMMITTEE REPORT SYSTEM
Department of Legislative Services . 1998 General Assembly of Maryland

# BILL ANALYSIS

## HOUSE BILL 925

**Crimes - Computers - Exceeding Authorized Access**

**SPONSORS:**

Delegates Rudolph and Cryor

**SUMMARY OF BILL:**

The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services. A violation of this offense is a misdemeanor punishable by a fine not to exceed $3,000, imprisonment not to exceed 1 year, or both.

This bill further prohibits a person from intentionally, wilfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill also prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes. The penalty for this misdemeanor offense is a fine up to $5,000, imprisonment up to 5 years, or both.

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**BACKGROUND:**

In the recent Court of Appeals case of Briggs v. State (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a computer was authorized, but who exceeded the scope of the authorization. The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority. If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly. We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized." This bill will criminalize the conduct described in Briggs.

Under current law, a person is prohibited from intentionally, wilfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

AR



## JUDICIARY COMMITTEE
JOSEPH F. VALLARIO, JR., CHAIRMAN * COMMITTEE REPORT SYSTE

Department of Legislative Services . 1998 General Assembly of Maryland

## BILL ANALYSIS
### HOUSE BILL 925

### Crimes - Computers - Exceeding Authorized Access

**SPONSOR:**

Delegate Rudolph

**SUMMARY OF BILL:**

The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services.

This bill further prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

The bill prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes.

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**BACKGROUND:**

Under current law, a person is prohibited from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

In the recent Court of Appeals case of Briggs v. State (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a

computer was authorized, but who exceeded the scope of the authorization.  The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority.  If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly.  We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized."  This bill will criminalize the conduct described in Briggs.

AR



HB0925/691198/1



AMENDMENTS
CHECKED
BY THE
DEPT. OF LEGISLATIVE
SERVICES

22 MAR 98
16:08:31

BY:    House Judiciary Committee

<u>AMENDMENT TO HOUSE BILL NO. 925</u>
(First Reading File Bill)

On page 1, in the sponsor line, strike "Delegate Rudolph" and substitute "<u>Delegates Rudolph
and Cryor</u>"; in line 4, strike "; establishing" and substitute "<u>to apply to a person who exceeds the
person's authorized access and to certain possession of valid access codes; increasing</u>".

ADOPTED

MAR 23 1998

*Mary Moratien* CHIEF CLERK

SCREEN

Amendment as Finalized by the Amendment Office  16:08:31  on 22 MAR 98

**HB0925/691198/1**

BY:    House Judiciary Committee

<u>AMENDMENT TO HOUSE BILL NO. 925</u>
(First Reading File Bill)

On page 1, in the sponsor line, strike "Delegate Rudolph" and substitute "<u>Delegates Rudolph</u> <u>and Cryor</u>"; in line 4, strike "; establishing" and substitute "<u>to apply to a person who exceeds the</u> <u>person's authorized access and to certain possession of valid access codes; increasing</u>".

SCREEN



**HB0925/323709/1**

AMENDMENTS
PREPARED
BY THE
DEPT. OF LEGISLATIVE
SERVICES

Tracy
13 APR 98
16:54:04

BY:    Senator Hogan

## AMENDMENTS TO HOUSE BILL NO. 925
(Third Reading File Bill)

AMENDMENT NO. 1

On page 1, in line 2, strike "Crimes -"; in the same line, after "Access" insert "<u>- Public On-Line Access</u>"; in line 6, after "crimes;" insert "<u>requiring the Division of State Documents to provide the public with certain on-line access to certain materials; requiring the receipt of certain materials to be preceded by certain information; prohibiting the use of certain data or material for commercial purposes; establishing a certain fine for certain violations;</u>"; and in line 7, after "crimes" insert "<u>and public on-line access to certain materials</u>".

AMENDMENT NO. 2

On page 1, after line 22, insert:

"BY repealing and reenacting, with amendments,

Article - State Government
Section 7-206.2
Annotated Code of Maryland
(1995 Replacement Volume and 1997 Supplement)".

AMENDMENT NO. 3

On page 3, after line 34, insert:

"Article - State Government

7-206.2.

(a)    The Division may arrange for data bases derived from publications issued by the Division to be made available to the public for direct on-line searching by contracting with third-party or value-added resellers.

(Over)

HB0925/323709/1                    Hogan
Amendments to HB 925
Page 2 of 3

(b)    Notwithstanding the provisions of subsection (a) of this section, the State Data Center shall charge for on-line access to the Maryland Information Retrieval System.

(c)    This section may not be construed to require a State data center to provide a member of the public with direct on-line access or any other type of access to the computers or data bases of the State Data Center.

(D)    NOTWITHSTANDING ANY OTHER PROVISION OF LAW, THE DIVISION SHALL MAKE AVAILABLE TO THE PUBLIC, AT NO COST, DIRECT ON-LINE SEARCHING OF:

(1)    THE CODE OF MARYLAND REGULATIONS;

(2)    THE MARYLAND REGISTER; AND

(3)    ANY OTHER MATERIAL THE DIVISION DETERMINES TO BE IN THE PUBLIC INTEREST.

(E)    THE RECEIPT OF ANY MATERIAL MADE AVAILABLE TO THE PUBLIC UNDER THE TERMS OF SUBSECTION (D) OF THIS SECTION SHALL BE PRECEDED BY A LEGEND STATING THAT:

"THE INFORMATION YOU ARE ABOUT TO RECEIVE IS MADE AVAILABLE FOR PERSONAL USE ONLY. BY PROCEEDING BEYOND THIS POINT YOU AGREE THAT YOU WILL NOT USE THE INFORMATION CONTAINED HEREIN FOR ANY COMMERCIAL PURPOSE WHATSOEVER INCLUDING, BY WAY OF EXAMPLE AND NOT IN LIMITATION, THE DOWNLOADING OF THIS INFORMATION FOR USE IN ANY OTHER ELECTRONIC OR PRINTED FORM."

(F)    THE LEGEND REFERENCED IN SUBSECTION (E) OF THIS SECTION SHALL BE PRESENTED TO THE RECIPIENT IN A MANNER THAT AFFORDS THE RECIPIENT AN OPPORTUNITY TO REFUSE TO ACCESS THE MATERIAL.

(G)    DATA OR MATERIAL OBTAINED PURSUANT TO SUBSECTION (D) OF THIS

**HB0925/323709/1**                    **Hogan**
**Amendments to HB 925**
**Page 3 of 3**

SECTION MAY NOT BE USED FOR ANY COMMERCIAL PURPOSE.

(H)    A PERSON WHO VIOLATES SUBSECTION (G) OF THIS SECTION SHALL BE
SUBJECT TO A FINE NOT TO EXCEED $1,000 FOR EACH VIOLATION.".

**M A I F**

MARYLAND AUTOMOBILE INSURANCE FUND
1750 FOREST DRIVE
ANNAPOLIS, MARYLAND 21401

(410) 269-8625

DAVID C. TRAGESER
EXECUTIVE DIRECTOR

March 16, 1998

Joseph F. Vallario, Jr., Chairman
House Judiciary Committee
Room 120, Lowe House Office Building
Annapolis, Maryland 21401-1991

Re: **Letter in Support of HB 925 - Exceeding Authorized Access to Computer Systems**

Dear Delegate Vallario,

MAIF would like to register its support for HB 925. This bill would make it a crime to exceed the authority given to an individual to access a computer system. Currently, Maryland law allows anyone with access to a computer to exceed that authority, and even cause damage to the computer system with impunity. Only actions by "outsiders" are criminalized. This bill deals with this issue by criminalizing the unauthorized acts of "insiders."

Typically, computer systems are designed to give varying access levels to users based on their duties or work areas. An example of this at MAIF is where Claim employees are given access to programs which allow for the issuance of claim payments and Underwriters (who are not engaged in claim settlements) are not allowed such access. This bill would make it unlawful for an Underwriter to attempt to gain access to these programs by intentionally trying to gain access to the computer as a Claim employee. In short, limited access is not intended to be blanket access.

As technology advances, the law must also change to keep pace with the expanding ability of individuals to illegally exploit computer systems for their own purposes and benefit. With the advent of the Internet, anyone with a personal computer and a telephone line can make a connection to a computer anywhere in the world from the comfort of their living room. Employees who misuse computer systems and betray the trust put in them by their employers should face legal consequences.

On behalf of MAIF, I urge a favorable report on HB 925.

Very truly yours,

David C. Trageser
Executive Director

cc: Members of the House Judiciary Committee



**State of Maryland**
**Department of State Police**
*Government Affairs (410) 653-4431*
*Annapolis Office (410) 974-5068*

# POSITION ON PROPOSED LEGISLATION

DATE:                    March 17, 1998

BILL NUMBER:     **House Bill 925**                    **POSITION: Support**

BILL TITLE:          **Crimes - Computers - Exceeding Authorized Access**

REVIEW AND ANALYSIS:

This legislation seeks to prohibit individuals from exceeding their authorized access to a computer, computer network or any part of these systems.

Recent enhancements in computer hardware and software have resulted in an increase in computer-related crime. The day when only big businesses had access to mainframes and microcomputers has come to an end. Computer technology of the 1990's has resulted in businesses of every size and individuals having access to some type of computer equipment.

Recently the Maryland Court of Appeals overturned the conviction of an individual that was convicted of illegal access to a computer under Article 27, Section 146. The individual charged was an employee of the victim company. The charged individual exceeded his authorized access to the computer system to alter records. The Court has ruled that if an employee is given access to the computer system then he can not be charged with illegal access to a computer. House Bill 808 will alleviate this problem.

Many of the computer intrusions cases occurring in Maryland are from sources outside of the State. The complexity and frequency of computer intrusion occurring in Maryland has increased dramatically. By changing existing law so that the statute of limitations is increased to three years will greatly enhance law enforcement's ability to identify, investigate, and prosecute computer intruders.

**For Additional Information Contact -**
**First Sergeant Bernie Shaw, Maryland State Police, (410) 653-4431 or (410) 974-5068**



# HOUSE OF DELEGATES
### ANNAPOLIS, MARYLAND

## HOUSE JUDICIARY COMMITTEE

### SPEAKERS AND APPEARANCES

DATE OF HEARING: _3-17-98_

HOUSE BILL NO. AND SPONSOR: _HB 925 - Del. Rudolph_

SENATE BILL NO. AND SPONSOR: _____

SUBJECT MATTER: _Crimes - Computers - Exceeding Authorized Access_

### LIST OF SPEAKERS AND INTERESTED PARTIES

#### PROPONENTS

| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
|---|---|---|
| MAJOR DON LEWIS | ACTING BUREAU CHIEF BUREAU OF DRUG & CRIMINAL ENF. | MSD |
| D/SGT BUDDY LEASE | COMPUTER CRIMES UNIT | MSP |
| SPEC. AGENT M. LISA WARD | U.S. CUSTOMS SERVICE | U.S. CUSTOMS |
| MR. JERRY INNACELLI | EXEC. VICE PRES. CAPACITIN CONSULTANTS | |
| S/A MATT PERSONS | | |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |

#### OPPONENTS

| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
|---|---|---|
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |
| NAME (please print) | ADDRESS /PHONE | AFFILIATION |

**State of Maryland**
**Department of State Police**
Government Affairs (410) 653-4431
Annapolis Office (410) 974-5068

## POSITION ON PROPOSED LEGISLATION

Maryland has aggressively promoted enhancements in computer technology in recent years. Funding has been set aside to connect every school to the Internet and for the building of new computer systems to carry Maryland into the 21st century. Now it is time for the legislature to adopt new laws pertaining to computers and electronic communication to protect the investments of federal, state, and private sources.

For these reasons, the Department of State Police and the Maryland Chiefs of Police urge the Committee to give House Bill 925 a favorable report.

**For Additional Information Contact -**
**First Sergeant Bernie Shaw, Maryland State Police, (410) 653-4431 or (410) 974-5068**

Department of Legislative Services
Maryland General Assembly

**FISCAL NOTE INFORMATION**

**ATTACH TO BILL**

**TO:**     Chairman, Judiciary
   -> Chairman, Judicial Proceedings
        Bill Sponsor,   Delegate Rudolph, et al.

**DATE:**     26-Mar-98

**FROM:**     John F. Rixey
        Coordinating Analyst

**RE:**          **House Bill  925**
        Crimes  - Computer - Exceeding Authorized Access

We have examined the third reader for the above
mentioned bill and have found no change in the original
fiscal note

cc: Fiscal Note File

JFR/ncs

Legislative Services Building - 90 State Circle - Annapolis, Maryland 21401-1991
(410) 841-3710 - Fax (410) 841-3722 - TTY (410) 841-3418



Since 1961

# MARYLAND CHIEFS OF POLICE ASSOCIATION
## LEGISLATIVE COMMITTEE

BILL NO.:          HB 925

TITLE:             Crimes - Computers - Exceeding Authorized
                   Access

SPONSOR:           Delegate Rudolph

COMMITTEE:         Judiciary

POSITION:          **SUPPORT**

The Maryland Chiefs of Police Association and the Maryland Sheriffs
Association **SUPPORT** the passage of House Bill 925, which amends §
146( a ) of Article 27, Crimes and Punishments, and adds to § 5-106(x)
of the Courts and Judicial Proceedings article to expand the provisions
relating to unauthorized access to certain computer devices, systems, or
services; establishing a statute of limitations for certain computer crimes;
and generally relating to computer crimes.

Computer technology has advanced to such a degree that practically
every business, institution, school, and private concern has access to a
computer or computer network.   Along with these vast numbers of
computers, there has been a large increase in computer related crimes.

Unauthorized access or exceeding one's access to a computer generates
serious concerns and problems for businesses and others who rely on
their computers in their daily operations.  This unauthorized access has
caused companies millions of dollars in losses.

For the above reasons, the Maryland Chiefs of Police Association and the
Maryland Sheriffs Association  request a **FAVORABLE REPORT** on
House Bill 925.

03/17/98



# BALTIMORE COUNTY POLICE DEPARTMENT

*Headquarters:*

*700 East Joppa Road*
*Towson, MD 21286-5501*
*(410) 887-2211 (Voice)*
*(410) 887-4933 (Fax)*

Integrity . . . Fairness . . . Service

*Terrence B. Sheridan*
*Chief of Police*

| | |
|---|---|
| BILL NO.: | HB 925 |
| TITLE: | Crimes - Computers - Exceeding Authorized Access |
| SPONSOR: | Delegate Rudolph |
| COMMITTEE: | Judiciary |
| POSITION: | **SUPPORT** |

The Baltimore County Police Department **SUPPORTS** the passage of House Bill 925, which amends § 146( a ) of Article 27, Crimes and Punishments, and adds to § 5-106(x) of the Courts and Judicial Proceedings article to expand the provisions relating to unauthorized access to certain computer devices, systems, or services; establishing a statute of limitations for certain computer crimes; and generally relating to computer crimes.

Computer technology has advanced to such a degree that practically every business, institution, school, and private concern has access to a computer or computer network. Along with these vast numbers of computers, there has been a large increase in computer related crimes.

Unauthorized access or exceeding one's access to a computer generates serious concerns and problems for businesses and others who rely on their computers in their daily operations. This unauthorized access has caused companies millions of dollars in losses.

For the above reasons, the Baltimore County Police Department requests a **FAVORABLE REPORT** on House Bill 925.

03/17/98

*Nationally Accredited Since 1984*



# BALTIMORE COUNTY POLICE DEPARTMENT

*HEADQUARTERS*

*700 East Joppa Road*
*Towson, MD  21286-5501*
*(410) 887-2211*
*(410) 887-4933*

Integrity    Fairness    Service

*Terrence B. Sheridan*
*Chief of Police*

| | |
|---|---|
| BILL NO.: | HB 925 |
| TITLE: | Crimes - Computers - Exceeding Authorized Access |
| SPONSOR: | Delegates  Rudolph and Cryor |
| COMMITTEE: | Judicial Proceedings |
| POSITION: | **SUPPORT** |

The Baltimore County Police Department **SUPPORTS** the passage of House Bill 925, which amends § 146( a ) of Article 27, Crimes and Punishments, and adds to § 5-106(x) of the Courts and Judicial Proceedings article to expand the provisions relating to unauthorized access to certain computer devices, systems, or services; establishing a statute of limitations for certain computer crimes;  and generally relating to computer crimes.

Computer technology has advanced to such a degree that practically every business, institution, school, and private concern has access to a computer or computer network.  Along with these vast numbers of computers, there has been a large increase in computer related crimes.

Unauthorized access or exceeding one's access to a computer generates serious concerns and problems for businesses and others who rely on their computers in their daily operations.  This unauthorized access has caused companies millions of dollars in losses.

For the above reasons, the Baltimore County Police Department  requests a **FAVORABLE REPORT** on House Bill 925.

04/07/98



*Nationally Accredited  Since 1984*



# HOUSE BILL  925

E1                                                                                      8lr1505

By:  **Delegate Rudolph**
Introduced and read first time: February 12, 1998
Assigned to:  Judiciary

## A BILL ENTITLED

1   AN ACT concerning

2                    **Crimes – Computers – Exceeding Authorized Access**

3   FOR the purpose of expanding the provisions relating to unauthorized access to
4         certain computer devices, systems, or services; establishing a statute of
5         limitations for certain computer crimes; and generally relating to computer
6         crimes.

7   BY repealing and reenacting, without amendments,
8         Article 27 – Crimes and Punishments
9         Section 146(a)
10        Annotated Code of Maryland
11        (1996 Replacement Volume and 1997 Supplement)

12   BY repealing and reenacting, with amendments,
13        Article 27 – Crimes and Punishments
14        Section 146(c)
15        Annotated Code of Maryland
16        (1996 Replacement Volume and 1997 Supplement)

17   BY adding to
18        Article – Courts and Judicial Proceedings
19        Section 5–106(x)
20        Annotated Code of Maryland
21        (1995 Replacement Volume and 1997 Supplement)

22        SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF
23   MARYLAND, That the Laws of Maryland read as follows:

24                    **Article 27 – Crimes and Punishments**

25   146.

26        (a)   In this section the following words have the meanings indicated.

EXPLANATION:  CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.
    [Brackets] indicate matter deleted from existing law.

# HOUSE BILL 925

1  (1)  (i)  "Computer" means an electronic, magnetic, optical, organic, or
2  other data processing device or system that performs logical, arithmetic, memory, or
3  storage functions.

4  (ii)  "Computer" includes any property, data storage facility, or
5  communications facility that is directly related to or operated in conjunction with that
6  device or system.

7  (iii)  "Computer" does not include an automated typewriter, or
8  typesetter, or a portable calculator.

9  (2)  "Computer control language" means any ordered statements that
10  direct a commuter to perform specific functions.

11  (3)  "Computer data base" means a representation of information,
12  knowledge, facts, concepts, or instructions that:

13  (i)  Are being prepared or have been prepared in a formalized
14  manner or are or have been produced by a computer, computer system, or computer
15  network; and

16  (ii)  Are intended for use in a computer, computer system, or
17  computer network.

18  (4)  "Computer network" means the interconnection of 1 or more
19  computers through:

20  (i)  The use of a satellite, microwave, line, or other communication
21  media; and

22  (ii)  Terminals or a complex consisting of 2 or more interconnected
23  computers whether or not the interconnection is continuously maintained.

24  (5)  "Computer program" means an ordered set of instructions or
25  statements that may interact with related data that, when executed in a computer
26  system, causes the computer to perform specified functions.

27  (6)  "Computer services" includes, but is not limited to, computer time,
28  data processing, and storage functions.

29  (7)  "Computer software" means computer programs, instruction,
30  procedures, or associated documentation that is concerned with the operation of a
31  computer system.

32  (8)  "Computer system" means 1 or more connected or unconnected
33  computers, peripheral devices, software, data, or programs.

34  (9)  "Access" means to instruct, communicate with, store data in, retrieve
35  data from, or otherwise make use of equipment including, but not limited to,
36  computers and other data processing equipment or resources connected therewith.



HOUSE BILL 925                3

1     (c)    (1)    A person may not intentionally, willfully, and without authorization
2  access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED
3  ACCESS, to a computer, computer network, computer software, computer control
4  language, computer system, computer services, computer data base, or any part of
5  these systems or services.

6            (2)    A person may not intentionally, willfully, and without authorization
7  access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED
8  ACCESS, to a computer, computer network, computer software, computer control
9  language, computer system, computer services, computer data base, or any part of
10  these systems or services to:

11            (i)    Cause the malfunction or interrupt the operation of a computer,
12  computer network, computer software, computer control language, computer system,
13  computer services, computer data base, or any part of these systems or services; or

14            (ii)    Alter, damage, or destroy data or a computer program stored,
15  maintained, or produced by a computer, computer network, computer system,
16  computer services, computer data base, or any part of these systems or services.

17            (3)    A person may not intentionally, willfully, and without authorization:

18            (i)    POSSESS, [Identify] IDENTIFY, or attempt to identify any valid
19  access codes; or

20            (ii)    Distribute or publicize any valid access codes to any
21  unauthorized person.

## Article – Courts and Judicial Proceedings

23  5–106.

24    (X)    A PROSECUTION UNDER ARTICLE 27, § 146(C) OF THE CODE RELATING TO
25  COMPUTER CRIMES SHALL BE INSTITUTED WITHIN 3 YEARS AFTER THE OFFENSE
26  WAS COMMITTED.

27        SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect
28  October 1, 1998.



# HOUSE BILL 925

E1

8lr1505

By: ~~Delegate Rudolph~~ Delegates Rudolph and Cryor
Introduced and read first time: February 12, 1998
Assigned to: Judiciary

Committee Report: Favorable with amendments
House action: Adopted
Read second time: March 23, 1998

CHAPTER___0525___    **MAY 12 '98**

**APPROVED** *BY THE GOVERNOR*

1  AN ACT concerning

2  ~~Crimes – Computers – Exceeding~~ Authorized Access

3  FOR the purpose of expanding the provisions relating to unauthorized access to
4      certain computer devices, systems, or services~~, establishing~~ to apply to a person
5      who exceeds the person's authorized access and to certain possession of valid
6      access codes; increasing a statute of limitations for certain computer crimes; and
7      generally relating to computer crimes.

8  BY repealing and reenacting, without amendments,
9      Article 27 – Crimes and Punishments
10     Section 146(a)
11     Annotated Code of Maryland
12     (1996 Replacement Volume and 1997 Supplement)

13 BY repealing and reenacting, with amendments,
14     Article 27 – Crimes and Punishments
15     Section 146(c)
16     Annotated Code of Maryland
17     (1996 Replacement Volume and 1997 Supplement)

18 BY adding to
19     Article – Courts and Judicial Proceedings
20     Section 5–106(x)
21     Annotated Code of Maryland
22     (1995 Replacement Volume and 1997 Supplement)

---

EXPLANATION:  CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.
    [Brackets] indicate matter deleted from existing law.
    Underlining indicates amendments to bill.
    ~~Strike out~~ indicates matter stricken from the bill by amendment or deleted from the law
    by amendment.

2                              **HOUSE BILL 925**

1       SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF
2   MARYLAND, That the Laws of Maryland read as follows:

                      **Article 27 – Crimes and Punishments**

4   146.

5       (a)  In this section the following words have the meanings indicated.

6           (1)  (i)   "Computer" means an electronic, magnetic, optical, organic, or
7   other data processing device or system that performs logical, arithmetic, memory, or
8   storage functions.

9                (ii)   "Computer" includes any property, data storage facility, or
10  communications facility that is directly related to or operated in conjunction with that
11  device or system.

12               (iii)  "Computer" does not include an automated typewriter, or
13  typesetter, or a portable calculator.

14          (2)  "Computer control language" means any ordered statements that
15  direct a commuter to perform specific functions.

16          (3)  "Computer data base" means a representation of information,
17  knowledge, facts, concepts, or instructions that:

18               (i)   Are being prepared or have been prepared in a formalized
19  manner or are or have been produced by a computer, computer system, or computer
20  network; and

21               (ii)  Are intended for use in a computer, computer system, or
22  computer network.

23          (4)  "Computer network" means the interconnection of 1 or more
24  computers through:

25               (i)   The use of a satellite, microwave, line, or other communication
26  media; and

27               (ii)  Terminals or a complex consisting of 2 or more interconnected
28  computers whether or not the interconnection is continuously maintained.

29          (5)  "Computer program" means an ordered set of instructions or
30  statements that may interact with related data that, when executed in a computer
31  system, causes the computer to perform specified functions.

32          (6)  "Computer services" includes, but is not limited to, computer time,
33  data processing, and storage functions.

**HOUSE BILL 925**                                                3

1       (7) "Computer software" means computer programs, instruction,
2  procedures, or associated documentation that is concerned with the operation of a
3  computer system.

4       (8) "Computer system" means 1 or more connected or unconnected
5  computers, peripheral devices, software, data, or programs.

6       (9) "Access" means to instruct, communicate with, store data in, retrieve
7  data from, or otherwise make use of equipment including, but not limited to,
8  computers and other data processing equipment or resources connected therewith.

9       (c) (1)  A person may not intentionally, willfully, and without authorization
10  access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED
11  ACCESS, to a computer, computer network, computer software, computer control
12  language, computer system, computer services, computer data base, or any part of
13  these systems or services.

14       (2)  A person may not intentionally, willfully, and without authorization
15  access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED
16  ACCESS, to a computer, computer network, computer software, computer control
17  language, computer system, computer services, computer data base, or any part of
18  these systems or services to:

19       (i)  Cause the malfunction or interrupt the operation of a computer,
20  computer network, computer software, computer control language, computer system,
21  computer services, computer data base, or any part of these systems or services; or

22       (ii)  Alter, damage, or destroy data or a computer program stored,
23  maintained, or produced by a computer, computer network, computer system,
24  computer services, computer data base, or any part of these systems or services.

25       (3)  A person may not intentionally, willfully, and without authorization:

26       (i)  POSSESS, [Identify] IDENTIFY, or attempt to identify any valid
27  access codes; or

28       (ii)  Distribute or publicize any valid access codes to any
29  unauthorized person.

30                    **Article – Courts and Judicial Proceedings**

31  5-106.

32       (X)  A PROSECUTION UNDER ARTICLE 27, § 146(C) OF THE CODE RELATING TO
33  COMPUTER CRIMES SHALL BE INSTITUTED WITHIN 3 YEARS AFTER THE OFFENSE
34  WAS COMMITTED.

35       SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect
36  October 1, 1998.



# 1998 ___ EST FORM

HB 925



LR 1505

SPONSOR(S) Del Rutan
Rudolf

DRAFTED BY Caldwell Valentine

DATE DRAFTED 2/5

REQUESTED BY Jamie x24444

TAKEN BY WOS  DATE 1/21

SUBJECT Computers - Authorized Access

_____

_____

_____

_____(continued on back of page)

DELIVER TO/HOLD FOR:_____

CROSS FILE_____ FILE CODE F1 PRIOR INTRODUCTION_____

FIRST REVIEW:_____

_____

_____

_____

REVIEWER MW  DATE 2/5/98

NOTED BY DRAFTER_____DATE_____

SECOND REVIEW:_____

_____

_____

_____

REVIEWER_____ DATE_____

NOTED BY DRAFTER_____ DATE_____

8 lr  1505

## PROOFREADING RECORD



**Proofed:** _____ AB-KLT   2/6/98   WC _____
                 (initials) (date) (ok/wc)

**Synopsis:** _____ AB—KLT _____
                 (initials)

**Contacted Drafter:** _____ (YES) _____ NO _____
                              (circle one)

**Second Check:**
  **Functions:** _____ RLS · VWH  2/6/98 _____
                        (initials) (date) (ok/wc)

  **Remainder of lr:** ___ RLS · VWH  2/6/98 ___

                        (initials) (date) (ok/wc)

**Corrections:** _____ (initials) (date) (ok/wc)
  BSERW      2/8          DK ___

_____

_____

_____

_____

_____

_____

_____

_____

**Final:** ___ (ok) ___ (wc) ___ Rhu —NAL  2-8-98 ___
                                 (initials)    (date)

**(Review Copy of LR 1505)**

+
E1                                                                                      8lr1505

Drafted By:    Lori Valentine
Typed By:      _____
Stored On:     1/27/98
Proofread By:  _____
Checked By:    _____

By: Delegate Rudolph

*, or services*

A BILL ENTITLED

AN ACT concerning

Crimes - Computers - Exceeding Authorized Access

FOR the purpose of expanding the provisions relating to unauthorized access to certain computer devices, or systems; establishing a statute of limitations relating to certain computer crimes; and generally relating to unauthorized access to computer crimes.

*For*

*By repealing and reenacting, without amendments,*

BY repealing and reenacting, with amendments,
Article 27 - Crimes and Punishments
Section 146(c)
Annotated Code of Maryland
(1996 Replacement Volume and 1997 Supplement)

*Article 27 - C + P*
*Section 146 (a)*
*A - C of - md*
*(1996 RV and 1997 Supp)*

BY adding to
Article - Courts and Judicial Proceedings
Section 5-106(x)
Annotated Code of Maryland
(1995 Replacement Volume and 1997 Supplement)

SECTION 1.  BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

*START amendment*  *show (a)*  *set out w/o change*

**Article 27 - Crimes and Punishments**

146.
(c)    (1)    A person may not intentionally, willfully, and without authorization   access, attempt to access, [or] cause access, **OR EXCEED THE PERSON'S AUTHORIZED ACCESS,** to a computer, computer  network, computer software, computer control language, computer system,  computer services, computer data base, or any part of these systems or  services.

(2)    A person may not intentionally, willfully, and without authorization   access, attempt to

access, [or] cause access, **OR EXCEED THE PERSON'S AUTHORIZED ACCESS,** to a computer, computer network, computer software, computer control language, computer system, computer services, computer data base, or any part of these systems or services to:

        (i)     Cause the malfunction or interrupt the operation of a computer, computer network, computer software, computer control language, computer system, computer services, computer data base, or any part of these systems or services; or

        (ii)     Alter, damage, or destroy data or a computer program stored, maintained, or produced by a computer, computer network, computer system, computer services, computer data base, or any part of these systems or services.

        (3)     A person may not intentionally, willfully, and without authorization:

        (i)     **POSSESS,** [Identify] **IDENTIFY,** or attempt to identify any valid access codes; or

        (ii)     Distribute or publicize any valid access codes to any unauthorized person.

### Article - Courts and Judicial Proceedings

5-106.

        (X)     **A PROSECUTION UNDER ARTICLE 27, §** ~~146(C)(1), (C)(2), AND (C)(3)~~ **RELATING TO COMPUTER CRIMES, SHALL BE INSTITUTED WITHIN 3 YEARS AFTER THE OFFENSE WAS COMMITTED.**

SECTION 2.  AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 1998.

*146 (C) OF THE CODE*

*per L. Caldwell-Valentine (RUS)*
*2/6/98.*

*W.P. Crimes— Computers Exceeding Authorized Access*

Article - 27 - Crimes and Punishments

146.

(a)  In this section the following words have the meanings indicated.

(1) (i) "Computer" means an electronic, magnetic, optical, organic, or other data processing device or system that performs logical, arithmetic, memory, or storage functions.

(ii) "Computer" includes any property, data storage facility, or communications facility that is directly related to or operated in conjunction with that device or system.

(iii) "Computer" does not include an automated typewriter or typesetter, or a portable calculator.

(2) "Computer control language" means any ordered statements that direct a computer to perform specific functions.

(3) "Computer data base" means a representation of information, knowledge, facts, concepts, or instructions that:

(i) Are being prepared or have been prepared in a formalized manner or are or have been produced by a computer, computer system, or computer network; and

(ii) Are intended for use in a computer, computer system, or computer network.

(4) "Computer network" means the interconnection of 1 or more computers through:

(i) The use of satellite, microwave, line, or other communication media; and

(ii) Terminals or a complex consisting of 2 or more interconnected computers whether or not the interconnection is continuously maintained.

(5) "Computer program" means an ordered set of instructions or statements that may interact with related data that, when executed in a computer system, causes the computer to perform specified functions.

(6) "Computer services" includes, but is not limited to, computer time, data processing, and storage functions.

(7) "Computer software" means computer programs, instructions, procedures, or associated documentation that is concerned with the operation of a computer system.

(8) "Computer system" means 1 or more connected or unconnected computers, peripheral devices, software, data, or programs.

(9) "Access" means to instruct, communicate with, store data in, retrieve data from, or otherwise make use of equipment including, but not limited to, computers and other data processing equipment or resources connected therewith.

(b)  This section does not preclude the applicability of any other provision of this Code.

(c) (1) A person may not intentionally, willfully, and without authorization access, attempt to access, [or] cause access, **OR EXCEED ONE'S AUTHORIZED ACCESS,** to a computer, computer network, computer software, computer control language, computer system, computer services, computer data base, or any part of these systems or services.

(2) A person may not intentionally, willfully, and without authorization access, attempt to access, [or] cause access, **OR EXCEED ONE'S AUTHORIZED ACCESS,** to a

1

computer, computer network, computer software, computer control language, computer system, computer
services, computer data base, or any part of these systems or services to:
(i) Cause the malfunction or interrupt the operation of a computer, computer network, computer software, computer control language, computer system, computer services, computer data base, or any part of these systems or services; or
(ii) Alter, damage, or destroy data or a computer program stored, maintained, or produced by a computer, computer network, computer system, computer services, computer data base, or any part of these systems or services.
(3) A person may not intentionally, willfully, and without authorization:
(i) **POSSESS, [I]** Identify, or attempt to identify any valid access codes; or
(ii) Distribute or publicize any valid access codes to any unauthorized person.
(d) (1) Any person who violates any provision of subsection (c) (1) of this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000 or imprisonment not exceeding 3 years or both.
(2) Any person who violates any provision of subsection (c) (2) or (c) (3) of this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $5,000 or imprisonment not exceeding 5 years or both.
(e) (1) When illegal access to a computer, computer network, computer control language, computer system, computer services, computer software, computer data base, or any part of these systems or services is committed in violation of this section pursuant to 1 scheme or continuing course of conduct, the conduct may be considered as 1 offense.
(2) A court of competent jurisdiction in this State may try a person who allegedly violates any provision of subsection (c) of this section in any county in this State where:
(i) The person performs the act; or
(ii) The accessed computer is located.

5-106.
(a) Except as provided by this section, a prosecution for a misdemeanor shall be instituted within one year after the offense was committed.
(b) Notwithstanding Article 27, § 690 (e) of the Code, if a statute provides that a misdemeanor is punishable by imprisonment in the penitentiary, the State may institute a prosecution for the offense at any time.
(c) A prosecution under the vehicle code shall be instituted within two years after the offense was committed if the charge is:
(1) Unlawfully using a driver's license; or
(2) Fraudulently using a false or fictitious name when applying for a driver's license.
(d) A prosecution for Sabbath breaking or drunkenness shall be instituted within 30 days after the offense was committed.
(e) In Allegany County, a prosecution for selling alcoholic beverages to a person under the legal age for drinking such alcoholic beverages or for selling alcoholic beverages after hours shall be instituted within 30 days after the offense was committed.

2

(f) A prosecution for the commission of or the attempt to commit a misdemeanor constituting: (1) a criminal offense under the State election laws; or (2) a criminal offense under the State conflict of interest laws; or (3) criminal malfeasance, misfeasance, or nonfeasance in office committed by an officer of the State, or of an agency of the State, or of a political subdivision of the State, or of a bicounty or multicounty agency in the State shall be instituted within two years after the offense was committed.

(g) A prosecution for conspiracy to commit any of the offenses enumerated in subsection (f) of this section shall be instituted within two years after the offense was committed.

(h) A prosecution for a welfare offense under Article 27, § 230A of the Code shall be instituted within three years after the offense was committed.

(i) A prosecution for the offense of Medicaid fraud under Article 27, § 230B of this Code shall be instituted within 3 years after the offense was committed.

(j) A prosecution for an offense arising under the Tax-General Article with respect to the financial institution franchise, income, or motor fuel tax shall be instituted within 3 years after the date on which the offense was committed.

(k) A prosecution for the offense of failure to secure workers' compensation insurance in accordance with Title 9, Subtitle 4 of the Labor and Employment Article shall be instituted within 1 year after the State Workers' Compensation Commission finds, by order, that the employer was uninsured or, pursuant to the authority contained in § 9-1003 of the Labor and Employment Article, within 1 year after the Uninsured Employers' Fund makes payment under § 9-1003 of the Labor and Employment Article, as directed by the Commission.

(l) A prosecution for an offense of the controlled hazardous substance law under § 7-265 (b) of the Environment Article, shall be instituted within 2 years after commission of the offense.

(m) Except as provided in subsection (g) of this section, the statute of limitations for the prosecution of the crime of conspiracy is the statute of limitations for the prosecution of the substantive crime that is the subject of the conspiracy.

(n) A prosecution for an offense under Article 27, § 388 or § 388A of the Code shall be instituted within 3 years after the offense was committed.

(o) A prosecution for an offense of discrimination on the basis of sex in paying wages under §§ 3-301 through 3-308 of the Labor and Employment Article shall be instituted within 3 years after the performance of the act on which the prosecution is based.

(p) A prosecution for an offense of unlawfully charging or receiving compensation in connection with an adoption under § 5-327 of the Family Law Article shall be instituted within 3 years after the offense was committed.

(q) A prosecution for an offense under § 14-601 of the Health Occupations Article of practicing, attempting to practice, or offering to practice medicine without a license shall be instituted within 3 years after the offense was committed.

(r) A prosecution for an offense under the Maryland Charitable Solicitations Act (Title 6 of the Business Regulation Article) shall be instituted within 3 years after the offense

3

was committed.

(s) A prosecution for an offense under § 449 (d) or (e) of this subtitle, relating to straw sales of regulated firearms to prohibited persons or minors and to illegal sales, rentals, transfers, possession, or receipt of regulated firearms, shall be instituted within 3 years after the offense was committed.

(T)  A PROSECUTION UNDER SUBSECTION §146 (C) (1), (C) (2), AND (C) (3) OF ARTICLE 27, RELATING TO COMPUTER CRIMES, SHALL BE INSTITUTED WITHIN 3 YEARS AFTER THE OFFENSE WAS COMMITTED.

4

JOBNAME: No Job Name  PAGE: 1  SESS: 6  OUTPUT: Fri Feb  6 17:06:19 1998
/bills/98lf/lr/1500/1505

E1                                                                        8lr1505

Bill No.: _____          Drafted by:   Lori Valentine
                                            Typed by:   bye
Requested: _____            Stored  –  02/06/98
                                            Proofread by  ABKLT
Committee: _____            Checked by  ___BF ERW___



By:  **Delegate Rudolph**

### A BILL ENTITLED

AN ACT concerning                                                            1

### Crimes – Computers – Exceeding Authorized Access                          2

FOR the purpose of expanding the provisions relating to unauthorized access to     3
    certain computer devices, systems, or services; establishing a statute of      4
    limitations for certain computer crimes; and generally relating to computer    5
    crimes.                                                                        6

BY repealing and reenacting, without amendments,                                  7

    Article 27 – Crimes and Punishments                                            8

    Section 146(a)                                                                  9

    Annotated Code of Maryland                                                     10

    (1996 Replacement Volume and 1997 Supplement)                                 11

BY repealing and reenacting, with amendments,                                     12

    Article 27 – Crimes and Punishments                                           13

    Section 146(c)                                                                14

    Annotated Code of Maryland                                                    15

    (1996 Replacement Volume and 1997 Supplement)                                16

BY adding to                                                                      17

    Article – Courts and Judicial Proceedings                                     18

    Section 5–106(x)                                                              19

EXPLANATION:   CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.
    [Brackets] indicate matter deleted from existing law.

JOBNAME: No Job Name  PAGE: 2  SESS: 4  OUTPUT: Fri Feb  6 11:13:31 1998
/bills/98lr7lr/1500/1505

8lr1505

Annotated Code of Maryland                                                    20

(1995 Replacement Volume and 1997 Supplement)                                 21

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF                           22
MARYLAND, That the Laws of Maryland read as follows:                          23

### Article 27 – Crimes and Punishments                                       24

146.                                                                          25

(a)   In this section the following words have the meanings indicated.        26

(1)  (i)   "Computer" means an electronic, magnetic, optical, organic, or     27
other data processing device or system that performs logical, arithmetic, memory, or   28
storage functions.                                                            29

(ii)   "Computer" includes any property, data storage facility, or           30
communications facility that is directly related to or operated in conjunction with that   31
device or system.                                                             32

(iii) "Computer" does not include an automated typewriter, or                33
typesetter, or a portable calculator.                                         34

(2)   "Computer control language" means any ordered statements that          35
direct a commuter to perform specific functions.                             36

(3)   "Computer data base" means a representation of information,             37
knowledge, facts, concepts, or instructions that:                            38

(i)   Are being prepared or have been prepared in a formalized               39
manner or are or have been produced by a computer, computer system, or computer   40
network; and                                                                  41

(ii)   Are intended for use in a computer, computer system, or               42
computer network.                                                             43

(4)   "Computer network" means the interconnection of 1 or more              44

– 2 –

JOBNAME: No Job Name  PAGE: 3  SESS: 6  OUTPUT: Fri Feb  6 17:06:19 1998
/bills/98lr/lr/1500/1505

8lr1505

computers through:                                                                                    45

        (i)   The use of a satellite, microwave, line, or other communication    46
media; and                                                                                            47

        (ii)   Terminals or a complex consisting of 2 or more interconnected    48
computers whether or not the interconnection is continuously maintained.                              49

    (5)   "Computer program" means an ordered set of instructions or    50
statements that may interact with related data that, when executed in a computer                      51
system, causes the computer to perform specified functions.                                           52

    (6)   "Computer services" includes, but is not limited to, computer time,    53
data processing, and storage functions.                                                               54

    (7)   "Computer software" means computer programs, instruction,    55
procedures, or associated documentation that is concerned with the operation of a                     56
computer system.                                                                                      57

    (8)   "Computer system" means 1 or more connected or unconnected    58
computers, peripheral devices, software, data, or programs.                                           59

    (9)   "Access" means to instruct, communicate with, store data in, retrieve    60
data from, or otherwise make use of equipment including, but not limited to,                          61
computers and other data processing equipment or resources connected therewith.                       62

    (c)   (1)   A person may not intentionally, willfully, and without authorization    63
access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED      64
ACCESS, to a computer, computer network, computer software, computer control                          65
language, computer system, computer services, computer data base, or any part of                      66
these systems or services.                                                                            67

    (2)   A person may not intentionally, willfully, and without authorization    68
access, attempt to access, [or] cause access, OR EXCEED THE PERSON'S AUTHORIZED      69
ACCESS, to a computer, computer network, computer software, computer control                          70

– 3 –

JOBNAME: No Job Name  PAGE: 4  SESS: 6  OUTPUT: Fri Feb  6 17:06:19 1998
/bills/98lf/lr/1500/1505

8lr1505

language, computer system, computer services, computer data base, or any part of          71
these systems or services to:          72

        (i)   Cause the malfunction or interrupt the operation of a computer,          73
computer network, computer software, computer control language, computer system,          74
computer services, computer data base, or any part of these systems or services; or          75

        (ii)   Alter, damage, or destroy data or a computer program stored,          76
maintained, or produced by a computer, computer network, computer system,          77
computer services, computer data base, or any part of these systems or services.          78

    (3)   A person may not intentionally, willfully, and without authorization:          79

        (i)   POSSESS, [Identify] IDENTIFY, or attempt to identify any valid          80
access codes; or          81

        (ii)   Distribute or publicize any valid access codes to any          82
unauthorized person.          83

### Article – Courts and Judicial Proceedings          84

5–106.          85

    (X)   A PROSECUTION UNDER ARTICLE 27, § 146(C) OF THE CODE RELATING TO          86
COMPUTER CRIMES SHALL BE INSTITUTED WITHIN 3 YEARS AFTER THE OFFENSE          87
WAS COMMITTED.          88

    SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect          89
October 1, 1998.          90

– 4 –



*floor report*

# HOUSE BILL 925
## Crimes - Computers - Exceeding Authorized Access

**SPONSOR:** Delegate Rudolph

**COMMITTEE RECOMMENDATION: Favorable with amendments**

**SUMMARY OF BILL:**
The bill prohibits a person from intentionally, willfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services (penalty of 1year/$3,000).

This bill further prohibits a person from intentionally, wilfully, and without authorization exceeding the person's authorized access to any computer devices, systems, or services for the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service (5 years/$5,000).

The bill prohibits a person from intentionally, willfully, and without authorization possessing any valid access codes (5 years/$5,000).

The bill provides a 3 year statute of limitations period for computer crimes prosecuted under Article 27, §146(c) of the Code.

**COMMITTEE AMENDMENTS: One**
**The amendment adds a sponsor from a similar bill and also makes a technical change to the purpose paragraph.**

## BACKGROUND:

In the recent Court of Appeals case of <u>Briggs v. State</u> (filed 1/22/98), the Court addressed the issue of whether the current statute in Art. 27, § 146 covered the situation of a person whose access to a computer was authorized, but who exceeded the scope of the authorization. The Court held that it did not, stating: "The statute makes no reference to authorized users who exceed the scope of their authority. If the Legislature intended the statute to cover employees who exceeded the scope of their authority or who misused their authority, it could have done so explicitly. We conclude that the intent of the General Assembly was to criminalize the misuse of computers or computer networks by those whose initial access was unauthorized." This bill will criminalize the conduct described in <u>Briggs</u>.

Under current law, a person is prohibited from intentionally, wilfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services.

Current law prohibits a person from intentionally, willfully, and without authorization accessing, attempting to access, or causing access to any computer devices, systems, or services with the purpose of causing the malfunction or interruption of the operation of the computer device, system, or service, or alteration, damage, or destruction of data or a computer program stored, maintained, or produced by the computer device, system, or service.

Current law prohibits a person from intentionally, willfully, and without authorization identifying or attempting to identify any valid access codes or distributing or publicizing any valid access codes to any unauthorized person.

