# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS | Civil Action |
| *Plaintiff,* | No. **1:24-CV-3744** |
| vs. | |
| OHANA GROWTH PARTNERS, LLC *et al* | Hon. **Judge Hurson** |
| *Defendants* | |

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1    COMES NOW, Plaintiff Ryan Dillon-Capps, Propria Persona, and moves this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendants Ohana Growth Partners, LLC, et al.

2    Plaintiff is facing an immediate financial and medical emergency, directly caused by Defendants' unlawful actions, including wrongful termination, unpaid wages, and retaliatory legal tactics. Plaintiff has no remaining funds to cover basic living expenses and is at imminent risk of losing access to essential utilities, transportation, and food.

3    Given the urgent and irreparable harm Plaintiff faces, he respectfully requests an expedited ruling on this motion to prevent further damage to his financial, medical, and personal well-being.

## I    PROCEDURAL CLARITY & JURISDICTIONAL BASIS

4    This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law, including the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Additionally, this Court has

supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, including claims under the Maryland Wage Payment and Collection Law (MWPCL), Md. Code, Lab. & Empl. § 3-507.2(b).

5    Venue is proper in this Court under **28 U.S.C. § 1391(b)** because the events giving rise to this claim occurred in **Maryland**, and Defendants conduct business in this District.

## II    INTRODUCTION

6    Plaintiff has suffered catastrophic financial harm as a result of Defendants' actions, including:

    1.    Wrongful termination and refusal to pay over $220,106.50 in wages, bonuses, and severance.

    2.    Retaliation for exercising FMLA rights, resulting in the loss of employment and health benefits.

    3.    Escalating financial devastation, which has now reached an emergency level.

7    Plaintiff is past due on all essential bills, including:

    1.    Mobile phone service, utilities, and email services—risking loss of communication and access to legal resources.

    2.    Car payment—risking repossession and loss of transportation necessary for survival.

    3.    No funds for food or necessities—Plaintiff is running out of food and has no remaining financial resources.

8    The harm is immediate, irreparable, and worsening daily. Without court intervention, Plaintiff will suffer life-altering consequences that cannot be undone by later financial compensation.

2025-02-06

## III  PROCEDURAL DISCLOSURE

9       Plaintiff acknowledges that this Court, in its **January 8, 2025, Order**, directed Plaintiff to file an **amended complaint**, and this Honorable Court has graciously extended the deadline to **February 12, 2025.** Plaintiff is actively working to comply with this directive and will file an amended complaint on or before the deadline.  I have submitted an affidavit for the amended complaint statement of facts on February 6, 2025, to support the amended complaint that I am working on.

10      However, given the **immediate and irreparable harm Plaintiff is suffering**, I respectfully submit this **emergency motion for injunctive relief** prior to filing the amended complaint. Plaintiff requests that the Court exercise its discretion to consider this motion **now**, as the financial and medical crisis described herein **cannot wait until after February 12, 2025**.

11      Plaintiff further submits that this motion is **based solely on claims that remain viable** and will be included in the amended complaint. No claims previously dismissed by the Court form the basis of this request for injunctive relief.

## IV  LEGAL STANDARD FOR EMERGENCY INJUNCTIVE RELIEF

12      To obtain a Temporary Restraining Order (TRO) and Preliminary Injunction, Plaintiff must demonstrate:

1.      A likelihood of success on the merits

2.      Irreparable harm in the absence of relief

3.      The balance of hardships favors Plaintiff

4.      The injunction serves the public interest (Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

## V  ARGUMENT

### A  Plaintiff is Likely to Succeed on the Merits

13     Plaintiff presents overwhelming evidence that he was:

1.      Retaliated against for exercising FMLA rights – in violation of 29 U.S.C. §

2615(a)(1). Courts have held that termination after requesting FMLA leave is strong

evidence of retaliation. See Vannoy v. Fed. Reserve Bank of Richmond, 827 F.3d 296,

304 (4th Cir. 2016) (finding FMLA retaliation where adverse action followed an FMLA

request).

2.      Wrongfully denied reasonable accommodations under the ADA – in violation of

42 U.S.C. § 12112(b)(5)(A). See EEOC v. GMRI, Inc., 221 F. Supp. 3d 1314 (M.D. Fla.

2016) (holding that failure to accommodate a known disability is actionable).

3.      Owed wages under Maryland law – Courts have held that Maryland's Wage

Payment and Collection Law allows treble damages where an employer willfully

withholds wages. See Adams v. Citicorp Credit Servs., Inc., 93 F. App'x 515, 517 (4th

Cir. 2004).

14     These claims substantiate Plaintiff's likelihood of success on the merits and justify

injunctive relief.

### B  Plaintiff Will Suffer Irreparable Harm Without Relief

15     Plaintiff's financial crisis has now reached a **critical and unsustainable level**, making

immediate injunctive relief necessary:

1.      **Credit Rating Collapse:** Plaintiff's financial stability has deteriorated

catastrophically due to Defendants' actions. As of June 7, 2024, Plaintiff's credit score

was 746 (Equifax) and 741 (TransUnion) as of May 24, 2024 (ECF 16-7, at 133).

2.      As of early October 2024, Plaintiff's credit report showed no derogatory remarks, only one hard inquiry, and a 100% payment history (ECF 16-7, at 132). However, after Defendants wrongfully terminated Plaintiff and withheld his wages, his credit rating collapsed to 389 as of February 6, 2025, preventing him from obtaining loans or credit to sustain himself.



3.      Extensive documentation of Plaintiff's financial harm, including credit score declines, default notices, and overdue account statements, is already on the record at ECF 16-7, at 132-198. Additionally, a newly attached exhibit provides a current credit score screenshot, reflecting Plaintiff's worsening financial condition.

4.      **Bank Account in Jeopardy:** Plaintiff's Bank of America account is overdrawn, and the bank has informed him that if it is not brought to a positive balance, the account will be closed—leaving Plaintiff without access to banking services.

5.      **Credit Card Accounts Closed or Restricted:**

5.1      Primary Chase credit card account has been closed, eliminating a key financial resource.

2025-02-06

      5.2    Venmo credit card has reduced Plaintiff's available credit by two-thirds

(⅔), further limiting his ability to cover essential expenses.

6.      No other available credit or line of credit remains accessible.

7.      **Past Due on All Essential Bills:** Plaintiff cannot pay for his mobile phone,

utilities, email services, or car payment, and risks losing access to communication,

transportation, and critical online services.

16    With no financial resources, no access to credit, and imminent loss of banking services,

Plaintiff faces irreversible financial collapse, loss of essential utilities, and an inability to afford

food and necessities. The urgency of this crisis necessitates immediate intervention from this

Court.

17    These **facts meet the federal standard for irreparable harm because:**

1.    **Financial ruin qualifies as irreparable harm when it leads to an inability to sustain**

**basic needs.** Courts have found that **loss of essential financial resources justifies**

**emergency injunctive relief**. See *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975)

(holding that financial devastation can constitute irreparable harm).

2.    **Loss of healthcare coverage is an independent ground for irreparable harm.** See

*Harris v. Blue Cross Blue Shield of Mo.*, 995 F.2d 877, 879 (8th Cir. 1993) (finding that

loss of health insurance coverage constitutes irreparable harm warranting injunctive

relief).

3.    **Delaying relief would make later compensation ineffective.** Courts recognize that

**waiting for a final judgment is not an option when a plaintiff faces immediate**

**financial ruin.** See *Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983) (finding

irreparable harm when delay would cause significant personal financial hardship).

18    **Plaintiff's case meets all of these criteria.** Without immediate court intervention, Plaintiff will suffer **irreversible financial and medical harm that money alone cannot remedy later.**

### C    The Balance of Hardships Favors Plaintiff

1.    Defendants face no hardship in complying with an order to restore wages and benefits owed.

2.    Plaintiff, however, faces total financial collapse and medical deterioration.

19    Courts have held that when the hardship on the plaintiff outweighs any inconvenience to the defendant, injunctive relief is appropriate. See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977) (holding that balance of hardships is the 'most important factor' in granting preliminary injunctive relief).

### D    The Injunction Serves the Public Interest

1.    Granting relief will uphold labor and employment laws and prevent retaliation against employees for asserting their rights.

2.    Denying relief rewards illegal corporate misconduct and allows intentional financial destruction of an individual through abusive legal tactics.

20    Pursuant to **Federal Rule of Civil Procedure 65(b)(1)**, Plaintiff states:

1.    Plaintiff has attempted to notify Defendants of this motion by in multiple forms.

    1.1    Request for Prehearing Conference to Discuss Injunctive Relief was filed to the Circuit Court of Baltimore County on November 1, 2024, at 8:43 PM in envelope 18662858.  A copy of the request was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore

Maryland 21202. The request says *"**Purpose of Conference:** A prehearing conference would provide the opportunity to discuss all issues related to injunctive relief that has already been filed, as well as additional injunctive relief that may be sought. This would allow the Court and the parties to clarify the scope of relief in question , ensuring both fairness and procedural efficiency.*

***Judicial Efficiency and Reduced Future Litigation:** This request is made in the interest of judicial economy and efficiency. Despite efforts to engage in good-faith negotiations on matters concerning both current and potential litigation, attempts to resolve these issues outside of court have been ignored or not responded to in good faith by opposing counsel. By holding a prehearing conference, the Court can streamline the process and reduce the need for future litigation steps on these matters, as key issues will already have been addressed. **Opportunity for Resolution:** The prehearing conference may also facilitate constructive dialogue between the parties, potentially leading to an agreement on aspects of injunctive relief. Such a discussion could narrow the issues in dispute and address any concerns in advance, thus minimizing further litigation."* Among other legal violations, FMLA and ADA are specifically cited. See ECF 16-13, at 38-44.[1]

1.2     Motion to Preserve Court Records was filed to the Circuit Court of Baltimore County on November 7, 2024, at 11:42 AM in envelope 18716089. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles &

---

[1] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 25-31.

Stockbridge P.C. 100 Light Street Baltimore Maryland 21202.  The motion says *"[I intent] to pursue related claims in the United States District Court for the District of Maryland."*  See ECF 16-13, at 34-37[2].

1.3    Request for Mandatory Judicial Notice Hearing on Material Facts was filed to the Circuit Court of Baltimore County on November 1, 2024, at 9:18 AN in envelope 18649236. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202.  In addition to providing notice of my request seeking Judicial Notice of Facts of the case and controversy, I was also seeking to have the facts adjudicated in connection with my "health and mental wellbeing", "career harm", and "financial harm" See ECF 16-13, at 45-52.[3]

1.4    Motion for Directed Verdict was filed to the Circuit Court  of Baltimore County on November 1, 2024, at 9:18 AM in envelope 18649236. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202. This motion gave notice that I was

---

[2] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 21-24.

[3] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 29-39.

seeking judgement as a matter of law on my counterclaims which are now before this Honorable Court. See ECF 16-13, at 53-65, 1-13.[4]

2.    **Immediate relief is necessary** because delaying relief for the notice process would cause **irreparable harm**, including further credit damage, eviction risk, and medical consequences.

3.    **Plaintiff requests that the Court waive the notice requirement** or set an expedited hearing at the earliest possible date.

## VI  CONCLUSION & REQUESTED RELIEF

21    Plaintiff has met all legal criteria for emergency injunctive relief and faces **imminent, irreparable harm** if relief is not granted.

22    Accordingly, Plaintiff respectfully requests this Court to issue a Temporary Restraining Order and Preliminary Injunction, ordering Defendants to:

1.    Immediately reinstate Plaintiff to active payroll at the post-2024 raise salary level, including full salary payments beginning from the date of this Court's order and continuing until this matter is resolved, as required under the terms outlined in Plaintiff's 2022 and 2023 employment agreements (ECF 16-2, at 183-184).

1.1    2022 to 2023 Compensation Increases:

(A)    Base Salary: Increased from \$124,120.00 (2022) → \$136,532.00 (2023) (+10.00%).

(B)    Monthly Bonus: Increased from \$1,000.00 (2022) → \$1,100.00 (2023) (+10.00%).

---

[4] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 40-65.

(C)    Annual Bonus: Increased from $6,000.00 (2022) → $12,000.00

(2023) (+100.00%).

(D)    Phone/Internet Reimbursement: Maintained at $150.00/month.

1.2    Applying the same percentage increase from 2023 to estimate 2024

compensation:

(A)    Base Salary: Increased from $136,532.00 (2023) → $150,185.20

(2024) (+10.00%).

(B)    Monthly Bonus: Increased from $1,100.00 (2023) → $1,210.00

(2024) (+10.00%).

(C)    Annual Bonus: Increased from $12,000.00 (2023) → $24,000.00

(2024) (+100.00%).

(D)    Phone/Internet Reimbursement: Maintained at $150.00/month.

1.3    Biweekly Pay (24 Pay Periods per Year): $6,257.72 per pay period

1.4    Monthly Pay (12 Months per Year): $12,515.43 per month

2.    Provide back pay from the date of termination through the present, including

wages, bonuses, and reimbursements, to be paid in full within **[3] business days** of this

Court's order, including:

2.1    Base Salary Back Pay (June 13, 2024 – February 6, 2025, 8 Months:

$100,123.44

2.2    Bonuses & Reimbursements Back Pay:

2.3    Monthly Bonus: $9,680.00

2.4    Annual Bonus (Pro-Rated for 8 Months, up to $24,000.00/year):

$16,000.00

2.5     Phone/Internet Reimbursement: 1,200.00

2.6     Total Back Pay (Before Interest & Penalties): 127,003.44

2.7     Interest on Unpaid Wages (6% Annual for 8 Months): $5,080.14

3.     Statutory Damages:

3.1     FMLA Liquidated Damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii)

(2× Wages Owed): $254,006.88

3.2     Maryland Treble Damages pursuant to Maryland Wage Payment and

Collection Law (MWPCL), Md. Code, Lab. & Empl. § 3-507.2(b)  (3× Wages

Owed, If Granted by Court): $381,010.32

4.     Restore all of Plaintiff's insurance policies:

4.1     Including health, dental, vision, and life insurance, with full coverage as

previously provided by Ohana Growth Partners (ECF 16-2, at 183-184).

5.     Reinstate all employment benefits, including:

5.1     Retirement plan contributions (401(k) and related benefits.

5.2     Stock options or financial incentives Plaintiff would have received had he

remained employed.

5.3     Other employment-related benefits outlined in the associate handbook

(ECF 16-2, at 183-184).

6.     Cease all coercive legal and financial actions, including any further interference

with Plaintiff's wages, credit, or financial stability, until this matter is fully litigated.

23     Additionally, Plaintiff respectfully requests that the Court set an expedited hearing on this

motion due to the severe and immediate financial harm Plaintiff is suffering.

## VII  PRAYER FOR RELIEF

24    WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1.    Issue a Temporary Restraining Order and Preliminary Injunction, ordering

Defendants to:

1.1    Immediately reinstate Plaintiff to active payroll at the post-2024 raise

salary level, including full salary payments beginning from the date of this

Court's order and continuing until this matter is resolved, as required under the

terms outlined in Plaintiff's 2022 and 2023 employment agreements (ECF 16-2, at

183-184).

1.2    Provide back pay from June 13, 2024, through the present, including:

(A)    Base salary: $150,185.20 annual salary, pro-rated for the period of

nonpayment.

(B)    Monthly bonus: $1,210.00 per month, pro-rated accordingly.

(C)    Annual bonus: $24,000.00 per year, pro-rated accordingly.

(D)    Phone/Internet reimbursement: $150.00 per month.

1.3    Restore all of Plaintiff's insurance policies, including health, dental,

vision, and life insurance, with full coverage as previously provided by Ohana

Growth Partners (ECF 16-2, at 183-184).

1.4    Reinstate all employment benefits, including:

(A)    Retirement plan contributions (401(k) and related benefits

(B)    All financial incentives Plaintiff would have received had he

remained employed.

(C)    Other employment-related benefits outlined in the associate

handbook.

1.5    Cease all coercive legal and financial actions, including any further interference with Plaintiff's wages, credit, or financial stability, until this matter is fully litigated.

2.    Award back pay, interest, and statutory damages as follows:

2.1    Back pay for unpaid wages, bonuses, and reimbursements: $127,003.44

2.2    Interest on unpaid wages (6% annual, applied monthly for 8 months): $5,080.14

3.    Statutory Damages (Court to Award the Higher Applicable Remedy):

3.1    FMLA Liquidated Damages (Double Wages Owed) pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii): $254,006.88, unless Defendants demonstrate a good-faith justification for their FMLA violations.

3.2    Alternatively, if Maryland law provides a stronger remedy, Treble Damages (3× Wages Owed) under Md. Code, Lab. & Empl. § 3-507.2(b): $381,010.32.

Plaintiff requests that the Court award the statutory remedy that provides the greatest relief, as permitted under applicable federal or state law.

4.    Set an expedited hearing on this motion due to the severe and immediate financial harm Plaintiff is suffering.

5.    **Issue an anti-retaliation order** barring Defendants from taking **any adverse action** against Plaintiff for pursuing this lawsuit.

6.    **Order Defendants to preserve all evidence** relevant to this case, including emails, payroll records, personnel files, and internal communications.

7.    Grant such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

February 6, 2025

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113