**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RYAN DILLON-CAPPS<br><br>*Plaintiff,*<br>) vs.<br>)<br>OHANA GROWTH PARTNERS, LLC *et al*<br><br>*Defendants* | )<br>) Civil Action<br>)<br>) No. **1:24-CV-3744**<br>)<br>)<br>) Hon. **Judge Hurson**<br>))  |

### AFFIDAVIT OF RYAN DILLON-CAPPS CERTIFICATE OF NOTICE

I, Ryan Dillon-Capps, being over the age of eighteen (18) and competent to testify, and having personal knowledge of the facts contained herein, state as follows:

1    The following was stated in the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. See ECF 25-0, at 7-10.:

2    Pursuant to Federal Rule of Civil Procedure 65(b)(1), Plaintiff states:

    1.    Plaintiff has attempted to notify Defendants of this motion by in multiple forms.

        1.1    Request for Prehearing Conference to Discuss Injunctive Relief was filed to the Circuit Court of Baltimore County on November 1, 2024, at 8:43 PM in envelope 18662858. A copy of the request was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202. The request says *"**Purpose of Conference:** A prehearing conference would provide the opportunity to discuss all issues related to injunctive relief that has already been filed, as well as additional injunctive relief that may be sought. This would allow the Court and the parties to clarify the*

*scope of relief in question , ensuring both fairness and procedural efficiency.*
**Judicial Efficiency and Reduced Future Litigation:** *This request is made in the interest of judicial economy and efficiency. Despite efforts to engage in good-faith negotiations on matters concerning both current and potential litigation, attempts to resolve these issues outside of court have been ignored or not responded to in good faith by opposing counsel. By holding a prehearing conference, the Court can streamline the process and reduce the need for future litigation steps on these matters, as key issues will already have been addressed.* **Opportunity for Resolution:** *The prehearing conference may also facilitate constructive dialogue between the parties, potentially leading to an agreement on aspects of injunctive relief. Such a discussion could narrow the issues in dispute and address any concerns in advance, thus minimizing further litigation."* Among other legal violations, FMLA and ADA are specifically cited. See ECF 16-13, at 38-44.[1]

1.2     Motion to Preserve Court Records was filed to the Circuit Court of Baltimore County on November 7, 2024, at 11:42 AM in envelope 18716089. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202.  The motion says *"[I intent] to pursue related claims in the United States District Court for the District of Maryland."*  See ECF 16-13, at 34-37[2].

---

[1] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 25-31.

[2] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 21-24.

1.3     Request for Mandatory Judicial Notice Hearing on Material Facts was filed to the Circuit Court of Baltimore County on November 1, 2024, at 9:18 AN in envelope 18649236. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202.  In addition to providing notice of my request seeking Judicial Notice of Facts of the case and controversy, I was also seeking to have the facts adjudicated in connection with my "health and mental wellbeing", "career harm", and "financial harm" See ECF 16-13, at 45-52.[3]

1.4     Motion for Directed Verdict was filed to the Circuit Court of Baltimore County on November 1, 2024, at 9:18 AM in envelope 18649236. A copy of the motion was emailed to their counsel rbrennen@milesstockbridge.com and served on via first-class, postage paid to Robert S. Brennen Miles & Stockbridge P.C. 100 Light Street Baltimore Maryland 21202. This motion gave notice that I was seeking judgement as a matter of law on my counterclaims which are now before this Honorable Court. See ECF 16-13, at 53-65, 1-13.[4]

---

[3] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 29-39.

[4] ECF 16-13 has a clerical error where the by pages 1-13 should instead be the last 13 pages following what is currently page 65.  If this clerical error is corrected the corrected reference should end up being ECF 16-13, at 40-65.

## DECLARATION OF AFFIRMATION

I solemnly declare and affirm under penalty of perjury, based on my personal knowledge, that the contents of the foregoing affidavit and all accompanying exhibits are true and correct to the best of my knowledge.

| | | |
|---|---|---|
| February 13, 2025 | /s/ Ryan Dillon-Capps<br>**Ryan Dillon-Capps** | 1334 Maple Avenue<br>Essex, Maryland 21221<br>ryan@mxt3.com<br>703-303-1113 |