## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DILLON-CAPPS | Civil Action |
| *Plaintiff,* | No. **1:24-CV-3744** |
| vs. | |
| OHANA GROWTH PARTNERS, LLC *et al* | Hon. **Judge Hurson** |
| *Defendants* | |

### NOTICE OF FILING ERROR AND REQUEST FOR CORRECTION OF ECF 16-12

1    Plaintiff, Ryan Dillon-Capps, proceeding in forma pauperis, respectfully submits this Notice of Filing Error and Request for Correction pursuant to Federal Rule of Civil Procedure 60(a) and the Court's inherent authority to ensure an accurate and complete record.

### I  BACKGROUND

2    Plaintiff filed the Exhibit 109 on December 27, 2024, in person in paper format with the original complaint.  The pages are sequentially marked and labeled as Page# of TotalPages, and there are a total of 120 pages that were filed with the Court. See ECF 16-12.

3    The complaint was filed with an emergency motion seeking ex-parte hearing to provide testimony and evidence under seal pursuant to Federal Rules of Civil Procedure 65(b), 26(c), and 6(c)(I)(C). See ECF 6-0, at 1.

4    The Court docketed Exhibit 109 on January 3, 2025, as ECF 16-12, and omitted pages 116, 117, 118, and 119.

5    On January 8, 2025, the Court dismissed some of the defendants, denied the hearing to receive testimony and evidence under seal, and ordered the Plaintiff to file an amended complaint by January 31, 2025. See ECF 18-0, at 21.

6       Plaintiff filed a motion for reconsideration pursuant to rule 59e on January 13, 2025, citing a misunderstanding of the facts and applicable law. See ECF 19-0.

7       The Court denied the motion for reconsideration on January 29, 2025, and set a new deadline to file the amended complaint as February 12, 2025. See ECF 22-0, at 3.

8       Plaintiff filed an Amended Complaint on February 10, 2025, removing the dismissed defendants, and adding new defendants.  See ECF 26-0, at 4-6.

9       Plaintiff filed Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Ohana Growth Partners, LLC (See ECF 25-0) with the Affidavit of Ryan Dillon-Capps Amended Complaint Statement of Facts (See ECF 24-0) on February 7, 2025.

10      On February 12, 2025, the Court denied Plaintiff's Emergency Motion for a TRO and PI against Ohana Growth Partners, LLC without a hearing, stating: *"Because Plaintiff has no likelihood of success on the merits or irreparable harm, no preliminary injunction or TRO is warranted."* See ECF 27-0, at 5.

11      Plaintiff filed a motion to reconsider the emergency motion for TRO and PI citing a misunderstanding of facts and applicable law on February 13, 2025. See ECF 28-0.

## II  ARGUMENT

### A  The Court Has the Authority to Correct Clerical Filing Errors

12      Plaintiff's Exhibit 109 (ECF 16-12), originally filed in paper format on December 27, 2024, was subsequently uploaded by the Clerk of Court on January 3, 2025. Upon review of the electronic docket, Plaintiff has identified that pages 116, 117, 118, and 119 were inadvertently omitted from the uploaded record. As a result, the Court's electronic record is incomplete and does not accurately reflect the full submission.

13      Under Federal Rule of Civil Procedure 60(a), a court may correct clerical mistakes in the

record at any time. A clerical mistake includes omissions caused by docketing errors, as

established in United States v. Bergman, 746 F.3d 1128 (D.C. Cir. 2014), where the court held

that clerical omissions should be corrected to maintain the accuracy of the record. Similarly, in

United States v. Gomez, 990 F.3d 1038 (7th Cir. 2021), the court recognized that missing pages

in a filing constitute a correctable clerical error rather than a substantive issue.

14      Additionally, under Federal Rule of Civil Procedure 5(d)(4), all filings must be placed in

the record in their entirety. Where an omission occurs during the filing process, the Clerk has the

authority—and, in some cases, the obligation—to correct the error to maintain the integrity of the

docket.

### B      The Court's Inherent Authority and Local Rules Permit This Correction

15      Beyond the Federal Rules of Civil Procedure, this Court has inherent authority under 28

U.S.C. § 1651 (the All Writs Act) to correct clerical errors to ensure that the record accurately

reflects what was filed. Courts routinely exercise this authority to correct docketing errors, as

reaffirmed in In re Warrant to Search a Certain E-Mail Account, 779 F.3d 1 (1st Cir. 2015).

16      Furthermore, the District of Maryland's Local Rules recognize the Clerk's responsibility

for maintaining an accurate and complete docket. Specifically:

    1.      Local Rule 102.2(d) provides that the Clerk is responsible for the proper

    docketing of all filings.

    2.      Local Rule 105.1 requires that any request for relief be accompanied by a

    proposed order—which Plaintiff has submitted with this filing.

17      Thus, correcting the omission of pages is consistent with the Court's rules and established

practice.

### C    Correcting This Error Ensures Due Process and Prevents Prejudice to Plaintiff

18      The omission of these pages means that the Court may not have had access to the full

document when considering Plaintiff's emergency motion for ex parte hearing to receive

testimony and evidence under seal or the emergency motion for a TRO and PI. A complete and

accurate record is essential to the fair adjudication of this matter. Ensuring that the full record is

available is particularly critical for any reconsideration or appeal of the TRO/PI decision.

19      Plaintiff's filing included relevant pages that are now missing from the record, which

could affect the Court's and opposing parties' ability to properly review the document. As the

Supreme Court has emphasized, maintaining an accurate court record is essential to due process

(United States v. Wade, 388 U.S. 218, 224 (1967)).

20      Because the omission was not Plaintiff's fault, allowing this correction would ensure that

Plaintiff's submissions are fully and fairly considered. There is no prejudice to Defendants or the

Court, as the request merely restores the document to its originally filed form.

### D    CONCLUSION

21      For the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court correct

the docket by uploading the missing pages to Exhibit 109 (ECF 16-12). For the Court's

convenience, Plaintiff has attached the complete document, including the missing pages as

Exhibit 109.

22      Plaintiff respectfully requests that this correction be made without delay, as an accurate

and complete record is essential to the fair resolution of this case. Ensuring that the missing

pages are restored will prevent procedural prejudice and maintain the integrity of the Court's

record.

## III  PRAYER FOR RELIEF

23      WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1.      Order the Clerk of Court to correct the docket by uploading the missing pages (116, 117, 118, and 119) to Exhibit 109 (ECF 16-12) to ensure that the record accurately reflects the complete filing.

2.      Direct the Clerk to take such corrective action without undue delay to prevent any procedural prejudice to Plaintiff.

3.      Grant such other and further relief as the Court deems just and proper.

## RESPECTFULLY SUBMITTED

February 13, 2025

/s/ Ryan Dillon-Capps
**Ryan Dillon-Capps**

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com
703-303-1113