**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RYAN DILLON-CAPPS *Plaintiff,* vs. OHANA GROWTH PARTNERS, LLC *et al* *Defendants* | Civil Action No. **1:24-CV-3744** Hon. **Judge Hurson** |

### NOTICE OF FILING ERROR AND REQUEST FOR CORRECTION OF ECF 16-13

1   Plaintiff, Ryan Dillon-Capps, proceeding in forma pauperis, respectfully submits this Notice of Filing Error and Request for Correction pursuant to Federal Rule of Civil Procedure 60(a) and the Court's inherent authority to ensure an accurate and complete record.

## I   BACKGROUND

2   Plaintiff filed the Exhibit 110 on December 27, 2024, in person in paper format with the original complaint. The pages are sequentially marked and labeled as Page# of TotalPages, and there are a total of 65 pages that were filed with the Court. See ECF 16-13.

3   The complaint was filed with an emergency motion seeking ex-parte hearing to provide testimony and evidence under seal pursuant to Federal Rules of Civil Procedure 65(b), 26(c), and 6(c)(I)(C). See ECF 6-0, at 1.

4   The Court docketed Exhibit 110 on January 3, 2025, as ECF 16-13. ECF 16-13 starts with page 29 of 65 and goes sequentially to 65 of 65 then goes to page 1 of 65 to 28 of 65.

5   On January 8, 2025, the Court dismissed some of the defendants, denied the hearing to receive testimony and evidence under seal, and ordered the Plaintiff to file an amended complaint by January 31, 2025. See ECF 18-0, at 21.

6       Plaintiff filed a motion for reconsideration pursuant to rule 59e on January 13, 2025, citing a misunderstanding of the facts and applicable law. See ECF 19-0.

7       The Court denied the motion for reconsideration on January 29, 2025, and set a new deadline to file the amended complaint as February 12, 2025. See ECF 22-0, at 3.

8       Plaintiff filed an Amended Complaint on February 10, 2025, removing the dismissed defendants, and adding new defendants. See ECF 26-0, at 4-6.

9       Plaintiff filed Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Ohana Growth Partners, LLC (See ECF 25-0) with the Affidavit of Ryan Dillon-Capps Amended Complaint Statement of Facts (See ECF 24-0) on February 7, 2025.

10      On February 12, 2025, the Court denied Plaintiff's Emergency Motion for a TRO and PI against Ohana Growth Partners, LLC without a hearing, stating: *"Because Plaintiff has no likelihood of success on the merits or irreparable harm, no preliminary injunction or TRO is warranted."* See ECF 27-0, at 5.

11      Plaintiff filed a motion to reconsider the emergency motion for TRO and PI citing a misunderstanding of facts and applicable law on February 13, 2025. See ECF 28-0.

## II  ARGUMENT

### A  The Court Has the Authority to Correct Clerical Filing Errors

12      Plaintiff's Exhibit 110 (ECF 16-13), originally filed in paper format on December 27, 2024, was subsequently uploaded by the Clerk of Court on January 3, 2025. Upon reviewing the electronic docket, Plaintiff has identified that the pages were filed out of order, disrupting the logical sequence of the document. As a result, the Court's electronic record does not accurately reflect what was filed and could cause confusion in reviewing the evidence.

13   Under Federal Rule of Civil Procedure 60(a), a court may correct clerical mistakes or errors in the record at any time. Courts have routinely held that misordered documents, even when fully present, constitute a clerical mistake that may be corrected without altering the substantive record (Rivera v. PNS Stores, Inc., 647 F.3d 188, 195 (5th Cir. 2011)). In United States v. Daniels, 902 F.2d 1238 (7th Cir. 1990) the court stated, *"Federal courts may issue nunc pro tunc orders to "reflect the reality" of what has already occurred, but the court "cannot make the record what it is not." Missouri v. Jenkins, 495 U.S. 33, 49 (1990), quoted in Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57, 64–65 (2020); accord, e.g., United States v. Daniels, 902 F.2d 1238, 1241 (7th Cir. 1990) ("A judge may correct a clerical error at any time" but "may not rewrite history."). The attempted retroactive change here cannot be deemed a correction of a clerical or typographical error. And the attempted retroactive change would also impair defendants' substantive rights."*[1], and therefore falls within FRCP 60(a)'s scope.

14   Additionally, under Federal Rule of Civil Procedure 5(d)(4), all filings must be placed in the record in their entirety and as submitted. When a document is misordered, rather than missing pages, the Clerk retains the authority—and obligation—to correct the error to ensure that the record reflects the original submission (In re Warrant to Search a Certain E-Mail Account, 779 F.3d 1, 5 (1st Cir. 2015)).

15   Because the misordering of pages in ECF 16-13 distorts the document's intended structure, the Court has the authority and discretion to direct the Clerk to correct this filing so that the record accurately reflects Plaintiff's submission. Correcting this error will not alter the

---

[1] US v Daniels is a critical opinion that applies negatively against the violations of the Plaintiff's substantive rights by County Clerk Ensor, Judge Truffer, County Administrative Judge Robinson Jr., Senior Judge Stringer, and any others that would have been confirmed or found to have been directly involved in the altering of the state court record after the fact as part of the cover up.

substance of the filing but will ensure that the document appears in its proper and logical order, preventing confusion and potential misinterpretation.

### B  The Court's Inherent Authority and Local Rules Permit This Correction

16  Beyond the Federal Rules of Civil Procedure, this Court has inherent authority under 28 U.S.C. § 1651 (the All Writs Act) to correct clerical errors to ensure that the record accurately reflects what was filed. Courts routinely exercise this authority to correct docketing errors, as reaffirmed in In re Warrant to Search a Certain E-Mail Account, 779 F.3d 1 (1st Cir. 2015).

17  Furthermore, the District of Maryland's Local Rules recognize the Clerk's responsibility for maintaining an accurate and complete docket. Specifically:

   1. Local Rule 102.2(d) provides that the Clerk is responsible for the proper docketing of all filings.

   2. Local Rule 105.1 requires that any request for relief be accompanied by a proposed order—which Plaintiff has submitted with this filing.

18  Thus, correcting the omission of pages is consistent with the Court's rules and established practice.

### C  Correcting This Error is Necessary to Prevent Confusion and Unfair Prejudice to Plaintiff

19  The misordering of pages in ECF 16-13 creates a substantive risk of confusion regarding the content, sequence, and meaning of Exhibit 110. Unlike a typical clerical error, the way the document is currently displayed in the record may alter how the Court interprets the evidence, which could unfairly undermine Plaintiff's credibility.

   1. Page 1 of 65, which contains framing comments designed to clarify the document's relevance, is currently placed after page 28 instead of at the beginning.

2.  This out-of-sequence filing disrupts the logical flow of the exhibit and could create the appearance of disorganization or inconsistency in Plaintiff's presentation of facts.

3.  The improper ordering may have contributed to the Court's prior misunderstanding of the factual record, as referenced in Plaintiff's Motion for Reconsideration (ECF 28-0).

20   The Supreme Court has emphasized that an accurate court record is essential to due process (United States v. Wade, 388 U.S. 218, 224 (1967)). Here, an inaccurate and misordered filing could improperly impact the Court's evaluation of Plaintiff's credibility and arguments.

21   Because this error was not caused by Plaintiff, but rather by the filing process, it is critical that the record be corrected to ensure fairness in the adjudication of this case.

## III  CONCLUSION

22   For the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court correct the docket by reordering the pages of Exhibit 110 (ECF 16-13) into their correct sequence. For the Court's convenience, Plaintiff has attached the correctly ordered document as Exhibit 110.

23   Plaintiff appreciates the Court's attention to this matter and requests that the record be corrected to ensure clarity, fairness, and accuracy.

## IV  PRAYER FOR RELIEF

24   WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1.  Order the Clerk of Court to correct the docket by reordering the pages of Exhibit 110 (ECF 16-13) in their proper sequential order (1–65).

2.  Direct the Clerk to take such corrective action without undue delay to prevent any further misunderstanding or misinterpretation of the record.

3.  Grant such other and further relief as the Court deems just and proper.

<u>RESPECTFULLY SUBMITTED</u>

| | | |
|---|---|---|
| **February 13, 2025** | <u>/s/ Ryan Dillon-Capps</u><br>**Ryan Dillon-Capps** | 1334 Maple Avenue<br>Essex, Maryland 21221<br>ryan@mxt3.com<br>703-303-1113 |