Case No. 1:24-CV-3744

In the United States District Court for

the District of Maryland

**HD**
Rcv'd by: _____

(Northern Division)

USDC- BALTIMORE
'26 MAR 30 PM3:49

Ryan Dillon-Capps

*Federal Plaintiff,*

v.

Ohana Growth Partners, LLC et al.

*Federal Defendants*

1707 Notice of Removal: First Technology Federal Credit Union

Case No. C-03-CV-26-000089

In the United States District Court for

the District of Maryland

First Technology Federal Credit Union

*State-Plaintiff,*

v.

Ryan Dillon-Capps

*State-Defendant*

| | |
|---|---|
| *Pro Se*<br>Ryan Dillon-Capps<br>1334 Maple Avenue<br>Essex Maryland 21221<br>ryan@mxt3.com | First Technology Federal Credit Union<br>P.O. Box 2100, Beaverton, OR 97075-2100<br><br>Attorney of Record<br>Scott Robinson<br>11350 McCormick Road, Suite 601, Executive Plaza 2<br>Hunt Valley Maryland 21031<br>scottr@hrdlawyers.com<br>410-832-8822 |

1707 Notice of Removal: First Technology Federal Credit Union   v.8

Table of Contents
## Table of Contents

Declaration Statement 28 U.S.C. § 1746 ................................................................ 1
Notice of Attachments and Procedural Formalities ............................................ 1
I Notice of Removal ................................................................................................ 1
II Exempt from Page Limit ................................................................................... 2
III First Right of Removal for Civil Rights Cases .............................................. 3
IV Severe and Irreparable Harm ......................................................................... 4
    A CASE NO. C-03-CV-24-002264 ..................................................................... 4
    B CASE NO. 1:24-CV-3744 ............................................................................... 6
V Second Right of Removal of Related Case ....................................................... 8
VI Third Right of Removal under Terms of Contract ......................................... 9
    A OCTOBER 20 THROUGH NOVEMBER 18, 2025 ........................................... 9
    B JANUARY 8, 2026, THROUGH MARCH 5, 2026 ......................................... 10
    C CONTRACTUAL CHOICE OF VENUE ............................................................ 13
VII First Counterclaim: Breach of Contract ..................................................... 14
VIII First Defense & Motion to Dismiss: Unclean Hands Doctrine ............... 16
IX Second Defense, Motion to Dismiss, & Motion for Sanctions: Improper Purpose 16
X Second Counterclaim: 42 U.S.C. §§ 1983, 1985, and 1986 ......................... 17
XI Fourth Right of Removal under the Civil Rights Act of 1866 ..................... 17
Declaration of Affirmation .................................................................................. 18
Respectfully Submitted ....................................................................................... 18
Certificate Of Service .......................................................................................... 18

1707 Notice of Removal: First Technology Federal Credit Union

## Declaration Statement 28 U.S.C. § 1746

I, Ryan Dillon-Capps (née Wagner), the Defendant, being over the age of eighteen (18), competent to testify, and having personal knowledge of the facts set forth herein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

### Notice of Attachments and Procedural Formalities

Pursuant to the attached <u>1801 Notice of Attachments and Procedural Formalities</u>, all cited materials constitute "required materials" that are attached, filed in federal or state court, or otherwise reasonably available, and are incorporated by reference as part of this filing.

### I  Notice of Removal

[1]     Congress established a removal procedure in 28 U.S.C. § 1446 that eliminates initial judicial gatekeeping and further defined the post-removal process in 28 U.S.C. § 1448, which confers remedial jurisdiction upon the court while preserving the rights of unserved state defendants.

[2]     A Notice of Removal is a procedural document notifying the federal court, state court, and the opposing parties that the state defendants have invoked their right to remove the state case into federal court jurisdiction.

[3]     In accordance with 28 U.S.C. § 1446, this Notice of Removal is filed with the United States District Court for the District of Maryland, Northern Division ("MDD," "District of Maryland"), to remove Case No. C-03-CV-26-000089 from the Circuit Court for Baltimore County, Maryland ("CCBC"), where the matter is presently pending.

[4]     Notice will promptly be provided to the Circuit Court for Baltimore County, Maryland, and to First Technology Federal Credit Union's lead counsel, Scott R. Robinson, via email at scottr@hrdlawyers.com and/or by first-class



1707 Notice of Removal: First Technology Federal Credit Union registered mail or hand delivery to 11350 McCormick Road, Executive Plaza II, Suite 601, Hunt Valley, Maryland 21031.

[5] Once this Notice of Removal is filed in the District of Maryland and notice is provided to the Circuit Court and to First Technology Federal Credit Union through Mr. Robinson, the Circuit Court for Baltimore County, Maryland, is immediately divested of jurisdiction.

[6] The jointly-filed Notice of Appeal is taken as a right to the Supreme Court of the United States and completely engulfs the case. Including, but not limited to all parties, claims, filings, orders, and judgements.  Therefore, the District of Maryland Court is similarly divested of the jurisdiction required to remand. Moreover, the District Court and Article III judiciary are parties and witness' with the Fourth Circuit Court Article III judiciary, Executive Administrator, Clerk, Fourth Circuit Council, and either all or virtually all article III judges in the Fourth Circuit for the reasons set forth in filings which may not be ready when the notices are filed.

## II  Exempt from Page Limit

[7] District of Maryland Local Rule 103 exempts Notices of Removal from page limitations, but the District Court errored classifying a Notice of Removal as a pleading for several reasons, which include:

a. Parties cannot plead claims or defenses on behalf of another party,

b. Federal Rule of Civil Procedure 10(a) is titled "Form of Pleadings" and begins with:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.

Whereby Federal Rule of Civil Procedure 7(a) explicitly states that there are only seven (7) forms of pleadings and Notice of Removal is not one of them.

c. Neither Federal Rules of Civil Procedure 7(a) or 10 are referenced or relevant to a Notice of Removal pursuant to 28 U.S.C. § 1446, which



rdc-20260330-1606-0004-0820

1707 Notice of Removal: First Technology Federal Credit Union

instead invokes signing procedures as part of representations to the court under Federal Rule of Civil Procedure 11.

### III   First Right of Removal for Civil Rights Cases

[8]   Removal is required under 28 U.S.C. § 1443 because the State of Maryland has invoked federal jurisdiction on multiple occasions, including June 26, 2024, and February 20, 2024, thereby divesting all Maryland courts of jurisdiction. Despite this, the Circuit Court for Baltimore County continues to violate my civil rights by refusing to transfer Case No. C-03-CV-26-000089 for joinder with Case No. 1:24-CV-3744 or dismiss it without prejudice.

[9]   Consistent with the principles articulated in *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), The State of Maryland has repeatedly taken and maintained the position that my claims belong in federal court, as reflected by the following:

a. <u>20240701-0827</u> The Circuit Court for Baltimore County, Maryland's June 26, 2024, refusal to hear my claims and its instruction that those claims be filed in federal court, followed by its continued refusal to recognize those claims, which compelled me to file them in federal court;

  i. Associate Judge Barranco responded to jurisdictional challenges by asserting, "The Court has jurisdiction over the [state plaintiff claim], so that's not an argument; I'm just letting you know."

  ii. Judge Barranco preemptively declared that the court was refusing to hear any of my claims and "[didn't] even need to hear about [it]."

  iii. Judge Barranco then instructed me to "go down to federal court and file [...] a private cause of action," stating that such issues were "not a defense to the claims here" and that, if I was contending there had been a violation of the law, I would have to pursue my claims "administratively or by law" in the federal courts.

b. <u>20241106-1338</u> The Circuit Court for Baltimore County, Maryland's November 6, 2024, entry of Defendant Stringer's order granting Ohana Growth Partners, LLC's voluntary dismissal of Case No. C-03-CV-24-002264;

rdc-20260330-1606-0005-0820



1707 Notice of Removal: First Technology Federal Credit Union

c. <u>20250220-0935</u> On February 20, 2025, Assistant Bar Counsel W. Hunter Daley informed Ryan Dillon-Capps that:

    i. counsel for defendants Brennen, Duvall, Frenkil, Butler, and Hoffberger had submitted responses to the complaint filed with the Maryland Attorney Grievance Commission;

    ii. the Office of Bar Counsel had elected to defer its investigation pending resolution of District Court Case No. 1:24-CV-3744-BAH; and

    iii. the complaints would remain open, with no further action to occur until Ryan Dillon-Capps and counsel for the defendants notify the Office of Bar Counsel that the District Court litigation has concluded.

d. <u>20250304-1946</u> The Office of the Attorney General of Maryland's acknowledgment of the Fourth Circuit appeal filed on April 18, 2024, without raising any protest or objection as to the State of Maryland's rights and interests implicated in the appeal.

[10]    Under 28 U.S.C. § 1443, removal of Case No. C-03-CV-26-000089 is warranted because my claims against the State of Maryland courts involve the denial of my civil rights, the courts' refusal to enforce those rights, and ongoing violations of those rights in related proceedings, including Circuit Court for Baltimore County Case Nos. C-03-CV-24-002264, C-03-CV-25-002976, and C-03-CV-26-000089; District Court for Baltimore County Case No. D-08-CV-25-035000; and Office of Administrative Hearings Case No. FM-BCNY-01-25-25436.

## IV  Severe and Irreparable Harm

### A  Case No. C-03-CV-24-002264

[11]    <u>20250602-2500-CA41-34-2</u> My December 27, 2024, federal pleading incorporated the complete Circuit Court record for Case No. C-03-CV-24-002264. The Fourth Circuit Chief Judge Albert Diaz's Memorandum and Order dated May 27, 2025 (CA41 ECF 34-2) determined that Article III Judge Brendan A. Hurson is responsible for removing approximately 90–95%

rdc-20260330-1606-0006-0820



1707 Notice of Removal: First Technology Federal Credit Union

of that pleading, including the entire state-court record. The removed record includes:

a. June 2024 expert eyewitness affidavit of Caroline Dillon-Capps, LCSW-C establishing physical and psychological harm caused by Ohana Growth Partners, LLC and Miles & Stockbridge P.C.;

b. My October 7, 2024, Affidavit of Financial Urgency establishing that Ohana Growth Partners, LLC and Miles & Stockbridge P.C., with assistance from State of Maryland defendants, initiated and vexatiously maintained a malicious civil action, resulting in cascading defaults, severe credit damage, and irreparable harm.

c. Caroline Dillon-Capps, June 2024, expert eyewitness affidavit establishing the physical and psychological harm caused by Ohana Growth Partners, LLC and Miles & Stockbridge P.C.

d. My October 7, 2024, Affidavit of Financial Urgency establishes that Ohana Growth Partners, LLC and Miles & Stockbridge P.C. initiated a malicious civil action and, with the assistance of the State of Maryland defendants, vexatiously maintained it, causing cascading defaults, severe credit damage, and irreparable harm.

[12] After twice confessing by affidavit and under oath in open court, Ohana Growth Partners, LLC received repeated notice of my intent to seek injunctive relief and of my right to judgment by confession arising from its intentional interference with and retaliation against my FMLA leave and discrimination against my ADA accommodation right to use approved intermittent leave on June 12–13, 2024.

[13] On October 10, 2024, Associate Judge Finifter, sitting for County Administrative Judge Robinson, granted a hearing on constitutional and statutory violations. On October 22–23, 2024, I amended the motion for injunctive relief and filed approximately 38 additional submissions

rdc-20260330-1606-0007-0820

1707 Notice of Removal: First Technology Federal Credit Union compelling Ohana Growth Partners, LLC and Miles & Stockbridge P.C. to produce evidence justifying over four months of vexatious litigation or face sanctions and investigation for ethical and criminal misconduct.

[14] On October 24, 2024, at 8:53 a.m., Ohana Growth Partners, LLC and Miles & Stockbridge P.C. filed a notice of voluntary dismissal without prejudice. Judge Stringer granted the dismissal, which was entered on November 6, 2024, in the Circuit Court for Baltimore County over my objections, while the court continued to refuse to recognize or adjudicate my counterclaims, crossclaims, and third-party claims.

[15] Under Maryland Rule 2-506 and controlling case law, a voluntary dismissal without prejudice "vitiates and annuls all prior proceedings and orders," rendering me the prevailing party, altering the parties' legal relationship, obligating Ohana Growth Partners, LLC to pay costs, preserving counterclaims for independent adjudication, and preventing third-party claims from being time-barred.

## B   Case No. 1:24-CV-3744

[16] My December 27, 2024, pleading included:

a. 20250429-2500-CA41-27-21 (CA41 ECF 27-21) Affidavit of healthcare expert Caroline Dillon-Capps, LCSW-C docketed as MDD ECF 7-1 and refiled as CA4 ECF 27-21 on April 29, 2025, together with the photographic evidence in Exhibit 106, sets forth factual statements establishing observed physical and psychological harm.

b. 20250429-2500-CA41-27-22 (CA4 ECF 27-22) My Affidavit of Financial Harm, docketed as MDD ECF 7-2 and refiled as CA4 ECF 27-22 on April 29, 2025, sets forth detailed, numbered factual statements establishing harm to my creditworthiness and related financial injury.

c. 20250429-2500-CA41-27-23 (CA4 ECF 27-23) My Notice of Filing in Support of Pleading Motions, docketed as MDD ECF 7-3 and refiled as

rdc-20260330-1606-0008-0820



1707 Notice of Removal: First Technology Federal Credit Union CA4 ECF 27-23 on April 29, 2025, expressly incorporates and references Exhibit 106.

d. 20250429-2500-CA41-28-4 (CA4 ECF 28-4) Exhibit 102, docketed as MDD ECF 16-3 and refiled as CA4 ECF 28-4 on April 29, 2025, includes:

  i. November 2013 correspondence from my diagnosing healthcare provider;

  ii. both 2024 FMLA serious health condition certifications from my treating provider;

  iii. a 2024 letter from my treating provider; and

  iv. the June 2024 expert affidavit of Caroline Dillon-Capps.

e. 20250429-2500-CA41-28-8 (CA4 ECF 28-8) Exhibit 106, consisting of 198 pages of state-court filings and supporting documentation, docketed as MDD ECF 16-7 and refiled as CA4 ECF 28-8 on April 29, 2025, demonstrates severe and irreparable financial harm caused by defendants' misconduct.

  i. Pages 132–198 document the decline in credit scores from 741 and 746 (May 24–June 7, 2024) to 640 and 651 by early October 2024.

  ii. The record includes creditor notices and culminates in a TransUnion score of 477 in mid-to-late December 2024, immediately preceding the District of Maryland filing.

f. 20250429-2500-CA41-28-12 (CA4 ECF 28-12) Exhibit 110, originally docketed as MDD ECF 16-13 with pagination defects, was refiled as CA4 ECF 28-12 on April 29, 2025, preserving correct pagination and including multiple state-court filings, including:

  i. Request for Prehearing Conference to Discuss Injunctive Relief;

  ii. Request for Mandatory Judicial Notice Hearing on Material Facts;

  iii. Motion for Directed Verdict;

  iv. Memorandum of Law in Support of Established Facts and Claims;

  v. Affidavit of Factual Basis; and

  vi. Motion to Preserve Court Records.

rdc-20260330-1606-0009-0820



1707 Notice of Removal: First Technology Federal Credit Union

## V  Second Right of Removal of Related Case

[17]  <u>20260108-1002</u> On January 8, 2026, First Technology Federal Credit Union initiated a judicial action against me in the Circuit Court for Baltimore County (C-03-CV-26-000089), alleging breach of contract based on an asserted debt.

[18]  <u>20250429-2500-CA41-27-22</u> (CA4 ECF 27-22) On December 27, 2024, I filed a pleading in the United States District Court for the District of Maryland (1:27-CV-3744), which included the Affidavit of Ryan Dillon-Capps Financial Harm (MDD ECF 7-2), documenting severe and irreparable financial harm caused by the defendants' conduct

[19]  <u>20250429-2500-CA41-28-8</u> (CA4 ECF 28-8) The financial harm is further substantiated in the Affidavit of Harm dated October 4, 2024, originally filed in the Circuit Court for Baltimore County (C-03-CV-24-002264), and later filed in the United States District Court for the District of Maryland (1:24-CV-3744) as Exhibit 106 in connection with the December 27, 2024 pleading (MDD ECF 16-7). Exhibit 106 also includes:

    a.  Amended Motion for Mandatory Injunction to Restore Lost Pay Due to Financial Urgency (October 22, 2024);

    b.  Motion to Allow Pro Se Representation of LLC (October 18, 2024);

    c.  Affidavit of Financial Urgency (October 7, 2024); and

    d.  Sixty-six pages of documentary evidence demonstrating a 269-point decline in credit score, from 746/741 in May–June 2024 to 477 in December 2024.

[20]  First Technology Federal Credit Union's claim arises from the same nucleus of operative facts as my claim for financial harm, which has severely and irreparably impaired my creditworthiness. The evidence the Credit Union relies upon to assert an alleged default and breach of contract simultaneously supports my claim regarding the resulting damage to my creditworthiness.



rdc-20260330-1606-0010-0820

1707 Notice of Removal: First Technology Federal Credit Union

[21]   Under Federal Rule of Civil Procedure 14, I may bring First Technology Federal Credit Union into this action because it asserts a related claim against me arising from the same operative facts.

[22]   Additionally, 28 U.S.C. § 1446(a) provides the procedural mechanism to remove the Credit Union's related action, No. C-03-CV-26-000089, from the Circuit Court for Baltimore County, Maryland, to the United States District Court for the District of Maryland, Northern Division.

## VI   Third Right of Removal under Terms of Contract

### A   October 20 through November 18, 2025

[23]   20251021-2500  Scott Robinson of Hofmeister, Robinson & DiPietro transmitted a letter dated October 20, 2025, asserting that First Technology Federal Credit Union demanded full payment of the October 16, 2025, balance on an account ending in 3634 in the amount of $35,928.01, "excluding fees and costs of collection." threatening "immediate legal action unless payment is received in full" by November 17, 2025.

[24]   20260310-1439 On November 11, 2025, at 3:46 p.m., I left a voicemail for Scott Robinson at 410-832-8822.

[25]   20251113-1047 On November 13, 2025, 10:47 a.m., Scott Robinson represented that he would be available to speak on November 14, 2025, between 10:00 a.m. and 4:00 p.m.

[26]   20260310-1439 On November 14, 2025, at 1:26 p.m., I left a voicemail for Scott Robinson at 410-832-8822.

[27]   20251114-1330 On November 14, 2025, at 1:30 p.m., I informed Scott Robinson that I was unable to reach him, had left another voicemail, and requested to know when he was available.

rdc-20260330-1606-0011-0820



1707 Notice of Removal: First Technology Federal Credit Union

[28]   20251116-0349 On November 16, 2025, I requested validation of the alleged debt and asked Scott Robinson to provide available dates and times for informal dispute resolution.

[29]   20260310-1439 On November 18, 2025, at 3:38 p.m., I tried to reach Scott Robinson at 410-832-8822.

[30]   20251118-1705 On November 18, 2025, at 5:05 p.m. Scott Robinson informed me that dates and times requested would be withheld until debt verification was completed.

## B   January 8, 2026, through March 5, 2026

[31]   20260108-1002 On January 8, 2026, Scott Robinson filed the judicial action notwithstanding my "taking corrective action" and efforts to engage in informal dispute resolution as required under the Member and Account Agreement.

[32]   20260310-1439 On February 11, 2026, at 2:08 p.m., I attempted to reach Scott Robinson by telephone at 410-832-8822.

[33]   20260211-1747 On February 11, 2026, I emailed Mr. Robinson seeking clarification regarding his failure to provide the proposed dates and times he had represented would be provided following completion of the debt-verification process on November 18, 2025, and simultaneously issued First Technology Federal Credit Union formal notice of breach of contract and provided:

> The appropriate corrective action is voluntary dismissal of the pending action and the immediate scheduling of the informal meeting you previously represented would occur upon completion of validation. Such dismissal will not prejudice any legitimate claim and will return both parties to contractual compliance.

[34]   20260213-1143 On February 13, 2026, at 11:43 a.m., Scott Robinson informed me that "[he] did not intend to dismiss the currently filed action, but that if

rdc-20260330-1606-0012-0820



1707 Notice of Removal: First Technology Federal Credit Union

[his] client allows, [he] may consent to a change in venue to another jurisdiction within the state."

[35] <u>20260310-1439</u> On February 18, 2026, at 5:37 p.m., I held a 49-minute and 4-second telephone conference with a First Technology Federal Credit Union representative who was consulting with inside counsel. During that conference, the Credit Union:

    a. confirmed that it was represented in the civil action;

    b. did not contest that I was a member in good standing or that both parties remained bound by the Membership and Account Agreement;

    c. indicated that it did not intend to cure its breach of contract;

    d. was informed that the proposed venue was not viable because the State of Maryland courts were parties to related ongoing litigation;

    e. was informed that its refusal to cure its breach barred equitable jurisdiction under Maryland's clean-hands doctrine and therefore left it without a claim upon which relief could be granted; and

    f. was informed that maintaining an adverse legal position lacked a legitimate or rational basis when the underlying dispute could be resolved in accordance with the Membership and Account Agreement with greater relief available.

[36] The refusal by First Technology Federal Credit Union to cure the breach of contract satisfies the contractual language necessary for me to move forward with a counterclaim against First Technology Federal Credit Union.

[37] Pursuant to the doctrines of ratification and negligent supervision, First Technology Federal Credit Union bears responsibility for Mr. Robinson's conduct, and continued litigation in state court in pursuit of a claim lacking equitable jurisdiction would, at minimum, lack a legitimate purpose and may constitute vexatious litigation or abuse of process.

rdc-20260330-1606-0013-0820



1707 Notice of Removal: First Technology Federal Credit Union

[38]  20260302-2318 In the March 2, 2026, letter I emailed to Scott Robinson at 11:18 p.m., I assert that an improper purpose can be demonstrated through deductive analysis:

a. Assuming, for the sake of argument, that I am entirely incorrect and that the defendants are wholly correct, and that a valid judgment is entered against me in the Circuit Court for Baltimore County, Maryland;

b. Given that I am permanently disabled and have no foreseeable ability to generate income, as substantiated by extensive medical documentation spanning thirteen years;

c. There would be no assets or income from which First Technology Federal Credit Union could realistically collect;

d. Under those circumstances, pursuing litigation that entails costs, potential sanctions, and no plausible path to recover evidence the absence of a legitimate litigation purpose.

e. A scenario in which I prevail while a binding judgment is entered against me would compound, rather than mitigate, the credit union's liability, as that judgment would form part of the damages recoverable in a subsequent action and would present liability exposure far exceeding their current demand.

f. Under the alternative premise that I am correct, the credit union's alignment with my legal position would expand the available remedies to include not only equitable relief, but also claims arising from fraud, forgery, and related misconduct, thereby triggering additional causes of action, statutory modifiers, and potential punitive exposure.

g. Given that Mr. Robinson and the credit union's inside counsel are aware of these implications, their refusal to engage in a substantive in-person discussion—where they could evaluate my offer, examine restricted records, and review non-public evidence before committing—raises concerns that extend beyond irrational litigation, disagreement over legal position, or even a question about improper purpose.

[39]  20260303-1055 On March 3, 2026, Mr. Robinson's responded to the March 2, 2026, notice stating in full:

rdc-20260330-1606-0014-0820



1707 Notice of Removal: First Technology Federal Credit Union

> Thank you for your letter. I again invite you to send a settlement offer to resolve this debt by email, and I will take it to First Technology for review.
>
> Otherwise, I would intend to address your concerns in court. I also would implore you to seek legal counsel. Thank you.

[40] <u>20260304-2314</u> In the March 4, 2026, letter I emailed to Scott Robinson at 11:14 p.m., clarification was requested on:

a. If First Technology Credit Union is formally declining my offer outright without first meeting to discuss it?

b. Why First Technology Federal Credit Union continues to maintain the litigation in the Circuit Court for Baltimore County, Maryland, despite not disputing my March 2, 2026, factual statements that pursuing litigation on a claim for which relief cannot be granted lacks a proper purpose, constitutes vexatious litigation, is sanctionable, and may constitute abuse of process.

c. Given that First Technology Federal Credit Union initiated our communications with a notice of acceleration, why is the Credit Union refusing to engage in informal dispute resolution to resolve the matter as quickly as possible while insisting on communicating exclusively through email, which serves only to delay resolution?

d. If First Technology Federal Credit Union is unwilling to meet to expedite resolution, then at a minimum I must know who I am negotiating with—that is, the person making the decision.

[41] <u>20260306-1446</u> Scott Robinson, responded to the March 4, 2026, letter by stating in full:

> Your letter of March 4, 2026 is acknowledged. Please feel free to make a settlement offer by email to my attention, and I will forward it to First Technology for review and decision.

## C  Contractual Choice of Venue

[42] As I address in the section <u>First Counterclaim: Breach of Contract Counterclaim</u>, First Technology Federal Credit Union has breached the governing agreements. Those agreements establish the following sequence:

a. Arbitration may be invoked immediately by either party;



rdc-20260330-1606-0015-0820

1707 Notice of Removal: First Technology Federal Credit Union

b. The AAA lacks jurisdiction over non-signatory parties which automatically triggers the "unable to resolve the claims" clause; and

c. If the Credit Union and I do not agree on a substitute forum", then I get to select "the forum for the resolution of the Claims".

Therefore, the terms of our agreements render a single outcome — they are removed and estopped from seeking remand.

## VII   First Counterclaim: Breach of Contract

[43]   First Technology Federal Credit Union alleges that I defaulted on the Loan Agreement which is filed as a breach of contract of the Loan Agreement, and I am alleging that the Credit Union is in breach of contract of the Member and Account Agreement because they

a. [Count 1] Combined the notice of breach and notice of acceleration together in violation of terms of our agreement which prohibits judicial action before providing me with a reasonable period after the notice of breach to take corrective action,

b. [Count 2] Commenced a judicial action against me after I took corrective action by requesting dates and times to informally resolve the dispute.

c. [Count 3] Continues to pursue judicial action against me while refusing to engage in informal dispute resolution with me.

[44]   Both agreements share nearly identical language as shown below:

| <u>20240801-2500</u> **Member and Account Agreement** | <u>20260108-1002</u> **Loan Agreement** |
|---|---|
| NOTICE OF CLAIM: Neither you nor the Credit Union may commence, join, or be joined to any judicial action or arbitration (as either an individual or member of a class) that arises from the other party's actions pursuant to this Account Agreement or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Account Agreement, until such party has notified the other party of such alleged breach and afforded the other party a reasonable period after the giving of such notice to take corrective action. Following such notice, you and the Credit Union agree that we shall attempt to informally settle any and all disputes arising out of, affecting, or relating to your account(s), including loans (other than real estate-secured loans), | You and the Lender agree to informally settle any and all disputes arising out of, affecting, or relating to your account(s), including loans (other than real estate-secured loans), or the products or services the Lender or Related Parties have provided, will provide, or have offered to provide to you, and/or any aspect of your relationship with the Lender or Related Parties (hereinafter referred to as the "Claims"). |



## 1707 Notice of Removal: First Technology Federal Credit Union

or the products or services the Credit Union has provided, will provide or has offered to provide to you, and/or any aspect of your relationship with the Credit Union (hereafter referred to as the "Claims").

If that cannot be done, then you agree that any and all Claims that are threatened, made, filed, or initiated after the Effective Date (defined below) of this Arbitration and Waiver of Class Action provision ("Arbitration Agreement"), even if the Claims arise out of, affect, or relate to conduct that occurred prior to the Effective Date, shall, at the election of either you or us, be resolved by binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its applicable rules and procedures for consumer disputes ("Rules"), whether such Claims are in contract, tort, statute, or otherwise.

The Rules can be obtained on the AAA website free of charge at www.adr.org; or a copy of the Rules can be obtained at any Credit Union branch upon request. Either you or we may elect to resolve a particular Claim through arbitration, even if one of us has already initiated litigation in court related to the Claim by:
(a) making written demand for arbitration upon the other party;
(b) initiating arbitration against the other party; or
(c) filing a motion to compel arbitration in court.

AS A RESULT, IF EITHER YOU OR WE ELECT TO RESOLVE A PARTICULAR CLAIM THROUGH ARBITRATION, YOU WILL GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR RIGHTS UNDER THIS ACCOUNT AGREEMENT (EXCEPT FOR CLAIMS BROUGHT INDIVIDUALLY WITHIN SMALL CLAIMS COURT JURISDICTION, SO LONG AS THE CLAIM REMAINS IN SMALL CLAIMS COURT).

This Arbitration Agreement shall be interpreted and enforced in accordance with the Federal Arbitration Act, set forth in Title 9 of the United States Code, to the fullest extent possible, notwithstanding any state law to the contrary, regardless of the origin or nature of the Claims at issue.

This Arbitration Agreement does not prevent you from submitting any issue relating to your account(s) for review or consideration by a federal, state, or local governmental agency or entity, nor does it prevent such agency or entity from seeking relief on your behalf.

1. Selection of Arbitrator. The Claims shall be resolved by a single arbitrator. The arbitrator shall be selected in accordance with the Rules and must have

---

If that cannot be done, then you agree that any and all Claims that are threatened, made, filed, or initiated after the Effective Date (defined below) of this Arbitration and Waiver of Class Action provision ("Arbitration Agreement"), even if the Claims arise out of, affect, or relate to conduct that occurred prior to the Effective Date, shall, at the election of either party, be resolved by binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its applicable rules and procedures for consumer disputes ("Rules"), whether such Claims are in contract, tort, statute, or otherwise.

The Rules can be obtained on the AAA website free of charge at www.adr.org; or a copy of the Rules can be obtained at any Lender branch upon request. Either party may elect to resolve a particular Claim through arbitration, even if one of us has already initiated litigation in court related to the Claim by:
(a) making written demand for arbitration upon the other party;
(b) initiating arbitration against the other party; or
(c) filing a motion to compel arbitration in court.

AS A RESULT, IF EITHER PARTY ELECTS TO RESOLVE A PARTICULAR CLAIM THROUGH ARBITRATION, YOU WILL GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR RIGHTS UNDER THIS ACCOUNT AGREEMENT (EXCEPT FOR CLAIMS BROUGHT INDIVIDUALLY WITHIN SMALL CLAIMS COURT JURISDICTION, SO LONG AS THE CLAIM REMAINS IN SMALL CLAIMS COURT).

This Arbitration Agreement shall be interpreted and enforced in accordance with the Federal Arbitration Act, set forth in Title 9 of the United States Code, to the fullest extent possible, notwithstanding any state law to the contrary, regardless of the origin or nature of the Claims at issue.

This Arbitration Agreement does not prevent you from submitting any issue relating to your account(s) for review or consideration by a federal, state, or local governmental agency or entity, nor does it prevent such agency or entity from seeking relief on your behalf.

1. Selection of Arbitrator. The Claims shall be resolved by a single arbitrator. The arbitrator shall be selected in accordance with the Rules and must have experience in the types of financial transactions at

rdc-20260330-1606-0017-0820

1707 Notice of Removal: First Technology Federal Credit Union

| | |
|---|---|
| experience in the types of financial transactions at issue in the Claims. In the event of a conflict between the Rules and this Arbitration Agreement, this Arbitration Agreement shall supersede the conflicting Rules only to the extent of the inconsistency.<br><br>If AAA is unavailable to resolve the Claims, and if you and we do not agree on a substitute forum, then you can select the forum for the resolution of the Claims. | issue in the Claims. In the event of a conflict between the Rules and this Arbitration Agreement, this Arbitration Agreement shall supersede the conflicting Rules only to the extent of the inconsistency.<br><br>If AAA is unavailable to resolve the Claims, and if you and we do not agree on a substitute forum, then you may select the forum for resolution of the Claims. |

## VIII First Defense & Motion to Dismiss: Unclean Hands Doctrine

[45] Regardless of the formulation, the maxim *nullus commodum capere potest de injuria sua propria* (no one may take advantage of his own wrong) embodies a foundational principle of equity and common law that prevents wrongdoers from profiting from their unlawful or inequitable conduct.

[46] Additionally, First Technology Federal Credit Union is barred from equitable monetary relief under Maryland's clean hands doctrine. Under Federal Rule of Civil Procedure 12(b)(6), and in the absence of any independent non-ancillary claim, the Credit Union fails to state a claim upon which relief can be granted, invocation of arbitration is dispositive , as it forecloses any possibility of cure and compels cessation of a claim for which equitable relief is categorically unavailable. Dismissal with prejudice is required.

## IX Second Defense, Motion to Dismiss, & Motion for Sanctions: Improper Purpose

[47] The Credit Union's conduct violates Rule 11(b), which bars filings lacking a proper purpose or legal warrant. The Credit Union and its counsel, Scott Robinson, have acknowledged the operative facts without dispute, refused voluntary dismissal, obstructed informal resolution, and ceased filings following notice—establishing knowledge, improper purpose, and sanctionable conduct under Rule 11(c).



rdc-20260330-1606-0018-0820

1707 Notice of Removal: First Technology Federal Credit Union

## X  Second Counterclaim: 42 U.S.C. §§ 1983, 1985, and 1986

[48]  First Technology Federal Credit Union's threat to pursue a claim for which relief cannot be granted, combined with the Circuit Court for Baltimore County, Maryland's failure to transfer or dismiss the claim despite being a party and estopped, satisfies the conditions contemplated by 42 U.S.C. § 1985, including obstruction of justice and deprivation of rights secured under 42 U.S.C. § 1983. Further, 42 U.S.C. § 1986 imposes liability on any person who, with knowledge of such § 1985 violations and the ability to prevent or aid in preventing them, fails to act.

## XI  Fourth Right of Removal under the Civil Rights Act of 1866

[49]  20260313-0657 Section 1 and 3 of the Civil Rights Act of 1866 (14 Stat. 27) gives the federal courts exclusive jurisdiction for "all causes, civil and criminal, affecting persons who are denied or cannot enforce in the courts or judicial tribunal of the State" their right to "to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey real and personal property, and to full and equal benefit of all laws and proceedings for the security of person and property". Section 18 of the Civil Rights Act of 1870 (16 Stat. 144) re-enacts and expands enforcement of the Civil Rights Act of 1866, and the Everts/Judiciary Act of 1891 (26 Stat. 826) does not apply to the removal procedure.



rdc-20260330-1606-0019-0820

## 1707 Notice of Removal: First Technology Federal Credit Union

### Declaration of Affirmation

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, based on my personal knowledge, the contents of the foregoing affidavit and all accompanying exhibits are true and correct to the best of my knowledge.

3/27/2026

/s/ Ryan Dillon-Capps

Ryan Dillon-Capps

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com

### Respectfully Submitted

3/27/2026

/s/ Ryan Dillon-Capps

Ryan Dillon-Capps

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com

### Certificate Of Service

I HEREBY CERTIFY that on 3/27/2026, a copy of 1707 Notice of Removal: First Technology Federal Credit Union was prepared to be sent via email to ScottR@HRDLawyers.com and/or delivered to

Hofmeister Robinson & Dipietro
11350 McCormick Road
Executive Plaza II, Suite 601
Hunt Valley, Maryland 21031

/s/ Ryan Dillon-Capps

Ryan Dillon-Capps

1334 Maple Avenue
Essex, Maryland 21221
ryan@mxt3.com

rdc-20260330-1606-0020-0820

