IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                       |   |                          |
|---------------------------------------|---|--------------------------|
| RYAN DILLON-CAPPS,                    | * |                          |
| Plaintiff,                            | * |                          |
|                                       | * |                          |
| v.                                    | * | Civil No. 24-3744-BAH    |
| OHANA GROWTH PARTNERS, LLC, ET AL.,   | * |                          |
| Defendants.                           | * |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

On February 19, 2026, the Court dismissed this case after Plaintiff Ryan Dillon-Capps ("Plaintiff") did not file an amended complaint as directed.[1] *See* ECF 55. Accordingly, Plaintiff's deadline to notice an appeal was Monday, March 23, 2026.[2] *See* Fed. R. App. P. 4(a)(1). On March 30, 2026, Plaintiff filed a document titled "2002 Conditional Motion for Extension of Time, Reopening the Time to File an Appeal, Motion to Reconsider, and Notice of Appeal/Cross-Appeal," which was docketed as both a notice of appeal, ECF 56, and a motion to extend and reopen the appeal deadline, ECF 57. Both documents, though docketed as separate entries, are

---

[1] The docket reflects that the order, signed on February 18, was not entered until February 19, so that is the date by which the appellate period is measured. *See* Fed. R. App. P. 4 (a)(1)(A) (requiring that an appeal be noticed "within 30 days after *entry* of the judgment or order appealed from" (emphasis added)).

[2] Thirty days after February 19, 2026, was March 21, 2026—a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline falls on the next business day—Monday, March 23.

identical. Plaintiff also filed a supplement of nearly 800 pages. ECF 60.[3] The Court has reviewed all relevant filings.

First, the Court notes that attached to both the notice of appeal and motion is a document titled "1707 Notice of Removal: First Technology Credit Union." *See* ECF 56-2; ECF 57-2. Plaintiff appears to attempt to remove a state court action where he is a defendant directly into this suit. As the Court has previously explained, "[a] state court defendant seeking to remove a state court case to this Court must remove the case by initiating a new action in this Court. State court cases may not be removed directly into actions already pending before this Court." ECF 51. Plaintiff has not properly removed the state court action into this closed federal action to the extent removal of the state court action was even statutorily permissible when attempted.[4]

Turning to the pending motion, Plaintiff asks for "an extension of time [to appeal] pursuant to Federal Rule of Appellate Procedure 4(a)(5)." ECF 57, at 2. Plaintiff also moves "to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and Federal Rule of Civil Procedure 77(d) for the reasons set forth below and in the accompanying filings." *Id.*

Fed. R. App. P. 4(a)(5)(A) permits that

[t]he district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

---

[3] The supplement is titled "1708 Conditional Notice of Appeal/Cross-Appeal to the Supreme Court of the United States." *See* ECF 60. Appeals from this Court are typically transmitted to the United States Court of Appeals for the Fourth Circuit, as was done here. *See* ECF 58 (appeal transmittal sheet). This is not a case where a direct appeal from the district court to the United States Supreme Court is authorized by law.

[4] Public records reflect that the state court action referenced is closed and that judgment was entered on March 26, 2026. *See* Maryland Judiciary Case Search, *First Tech. Fed. Credit Union v. Dillon-Capps*, Case No. C-03-CV-26-000089 (Cir. Ct. for Balt. Cnty.), https://casesearch.courts.state.md.us/casesearch/case-detail-page?caseId=C03CV26000089.

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff's motion does not clearly explain the reason for the delay in noticing an appeal and does not proffer any basis for extending the appeal deadline, let alone one amounting to excusable neglect or good cause. *See* ECF 57.

To the extent the motion and supplement allude to Plaintiff's belief that he had 60 days to appeal under Fed. R. App. P. 4(a)(1)(B) because an officer of the United States is a defendant to this action, *see* ECF 57-2, at 4 ("Moreover, the District Court and Article III judiciary are parties and witness[es] . . . ."); ECF 60-1, at 6 ("Because the parties include federal entities and officers . . . ."), no federal officials have ever been parties to this suit. *See* ECF 1-8 (table of defendants named in the original complaint); ECF 26, at 4–6 (amended complaint's table of defendants). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). And while this standard is "somewhat elastic," *id.* (internal quotation mark omitted), the Court does not find that the circumstances here constitute excusable neglect, especially where Plaintiff has not actually explained the reason for the delay in noticing an appeal.

Nor does a mistaken belief, even by a pro se litigant, typically establish good cause. *See* Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendment ("The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."); *J.D. ex rel. Davis v. Kanawha Cnty. Bd. of Educ.*, 517 F. Supp. 2d 822, 824 (S.D. W. Va. 2007) (finding that because "[t]he delay in [noting an appeal] was the result of the plaintiff's carelessness and ignorance of the Rules of Appellate Procedure"—"factors over which the plaintiff

3

has control"—good cause did not warrant extending the appeal deadline); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff appears to assert in the supplemental materials that three days should have been added to the 21-day deadline to amend the complaint pursuant to Fed. R. Civ. P. 6(d), such that he had until February 19, 2026, to comply. *See* ECF 60-1, at 6–8. This argument does not persuade the Court to extend the appeal deadline. Plaintiff consented to receive electronic notice of all filings on December 27, 2024. *See* ECF 8. In doing so, he "consent[ed] to receive notice and service of all items required to be served under Fed. R. Civ. P. 5(a) and 77(d) by email transmission" and "waive[d his] right to receive service by mail pursuant to Fed. R. Civ. P. 5(b)." *Id.* Further, Plaintiff utilized the Court's Electronic Document Submission System (EDSS), the Court's system by which self-represented litigants may submit documents in civil cases electronically, on September 2, 2025, when he filed two affidavits. *See* ECFs 49 and 50. "By using EDSS, self-represented litigants consent to receive notices of electronic filing by email transmission to the email address provided. Such notice shall constitute service of all items required to be served under Fed. R. Civ. P. 5(a) and 77(d)." Electronic Document Submission System Administrative Procedures, at 2 (D. Md. Apr. 2022), available at https://www.mdd.uscourts.gov/sites/mdd/files/EDSS-AdminProcedures.pdf. The Court's EDSS Administrative Procedures provide that "**[p]aper copies of filed documents will no longer be sent by mail to any litigant using EDSS by either the parties or the Court.**" *Id.* (emphasis in original). Indeed, to submit documents via EDSS, a litigant must affirm that they have reviewed the EDSS administrative procedures and that they "**agree to waive [their] right to receive service**

**by mail** pursuant to Fed. R. Civ. P. 5(b)." United States District Court, District of Maryland, *Electronic Document Submission System* (emphasis in original), https://www.mdd.uscourts.gov/content/electronic-document-submission-system-edss. Litigants using EDSS are also warned that they must "promptly notify the Clerk's Office of any change to their email address." Electronic Document Submission System Administrative Procedures, at 2.

The docket reflects that the notices of electronic filing of the January 2026 order setting the 21-day deadline to amend and the dismissal order were both emailed to Plaintiff at the email address provided in the electronic consent form—the same email address listed on the first page of the pending motion, *see* ECF 57, at 1. Because Plaintiff consented to receive electronic service under Fed. R. Civ. P. 5, the 3-day extension afforded by Fed. R. Civ. P. 6(d) did not apply to the 21-day deadline to amend the complaint.[5] Further, this calculation of the *amendment* deadline does not bear on whether to extend the *appeal* deadline. Plaintiff has not established (and the Court does not otherwise find) that good cause or excusable neglect exist here to warrant extending the appeal deadline.

Plaintiff has also moved under Fed. R. App. P. 4(a)(6), which permits a "district court [to] reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" in certain circumstances. To do so, three conditions must be met: (1) the Court must "find[] that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) the motion to reopen the appeal period must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil

---

[5] Even if Plaintiff were correct, he could have moved to reopen the case to be able to file a compliant amended complaint. He did not. Nor has he proffered a compliant proposed amended complaint now.

Procedure 77(d) of the entry, whichever is earlier"; and (3) the Court must "find[] that no party would be prejudiced." For the reasons explained above, there is no basis on which to find that Plaintiff did not receive notice of the dismissal order within 21 days after entry because he consented to receive electronic notice. And to the extent Plaintiff argues that he did not receive the dismissal order, he has not explained on what date he received notice of it, which he must have received in order to file the motion, notice of appeal, and an 800-page supplement. The Court therefore cannot find that Plaintiff has satisfied all the conditions necessary to merit reopening the appeal period.[6]

Accordingly, it is this 9th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's motion to extend and reopen the appeal deadline, ECF 57, is DENIED.

/s/
Brendan A. Hurson
United States District Judge

---

[6] Plaintiff's motion references a "conditional motion to reconsider the denied motions for an extension of time and to reopen the time to file an appeal[.]" ECF 57, at 3. Plaintiff has not previously sought to extend or reopen the appeal period. To the extent Plaintiff appears to argue this Court does not have jurisdiction to hear the motion, *see id.* ("A contemporaneously filed Notice of Appeal has already divested the United States District Court for the District of Maryland of jurisdiction over the matters presented therein, including issues bearing on removal and remand."), "only the district court has jurisdiction to extend the appeal period." *United States v. Pipkin*, 257 F. App'x 615, 616 (4th Cir. 2007). Further, the Fourth Circuit "will [only] docket the appeal after the district court has ruled on the motion for extension of time." ECF 59.